BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
ERIC L. MACKIE (Cal. Bar. No. Pending)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6159 / -3289
    Facsimile: (213) 894-0141
    Email:    Rahul.Hari@usdoj.gov
             Eric.Mackie4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00705-MEMF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE |
| v. | Hearing Date: Nov. 5, 2025 |
| ISAIAS LOPEZ, | Hearing Time: 3:00 p.m. |
| Defendant. | Location: Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Eric L. Mackie, hereby files its motion in limine to preclude defendant from raising a self-defense theory at trial.

///

///

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 27, 2025         Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

          /s/
RAHUL R.A. HARI
ERIC L. MACKIE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Isaias Lopez struck Federal Protective Services ("FPS") Officer L.R. on the bridge of his nose with the lens of his camera. When Officer L.R. moved defendant's arm away and instructed defendant to step back from federal property, defendant shouted, "fuck you," and pushed Officer L.R. in the chest. For his conduct, defendant has been charged with violating 18 U.S.C. § 111(a)(1), assault on a federal officer. The government anticipates that defendant may raise an affirmative defense of self-defense to the § 111(a)(1) charge at trial. Because defendant cannot establish the prima facie elements of self-defense, he should be precluded from raising the defense at trial.

There are two circumstances in which a defendant could argue self-defense in a § 111 case, each with its own framework of analysis: (1) defendant could argue that he did not know the victim officer was a federal officer or (2) defendant could argue that he was acting in defense of excessive force. The government does not expect defendant to argue -- nor would the evidence support -- a self-defense theory under the first framework. Therefore, for defendant to argue self-defense at trial, he must first make an offer of proof that: (1) he had "a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force" and (2) he used "no more force than was reasonably necessary in the circumstances." United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012) (cleaned up) (noting that the excessive force self-defense instruction was only appropriate in "a

narrow range of circumstances"); <u>United States v. Urena</u>, 659 F.3d 903, 907 (9th Cir. 2011).

To date, the government has not received an offer of proof as to how defendant can establish a prima face case of self-defense against excessive force. Nor can defendant do so, given the facts as described below. The Court should therefore preclude defendant from raising that affirmative defense at trial.

## II. STATEMENT OF FACTS

On August 8, 2025, protestors gathered at the Roybal Federal Building and Courthouse, including on the "apron area" of the loading dock on Alameda Street. FPS officers instructed protestors, including defendant, not to enter federal property. Despite this warning, defendant and others continued to trespass onto federal property.

At approximately 8:00 p.m., defendant, wearing a black t-shirt, black jeans, and a black ski mask, stepped onto the apron of the Roybal Building with a black digital single-lens reflect camera (known more commonly as a DSLR camera) in hand. Despite warnings to step off federal property, defendant went from FPS officer to FPS officer pointing his camera within inches of their faces. Officer L.R. instructed defendant to step off federal property, pointing in the direction defendant should walk. Defendant then jerked his camera into Officer L.R.'s face, striking him on the bridge of the nose and leaving a welt. At no point prior to defendant striking Officer L.R. in the nose had FPS officers made physical contact with defendant. In response to the strike and to address defendant's continued trespass on federal property, Officer L.R. pushed defendant's hand out of his own face and instructed defendant to step

off the apron of the Roybal Building.  Defendant yelled, "fuck you" and pushed Officer L.R. in the chest.

**III. ARGUMENT**

Defendant must put forth "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011) (upholding preclusion of affirmative defense of duress based on insufficient proffer).  "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071 (9th Cir. 2006) (discussing requirement defendant proffer elements of self-defense before trial).

An individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses *excessive* force in a "narrow range of circumstances." Acosta-Sierra, 690 F.3d at 1126.  Only in those "narrow circumstances" a defendant need not establish he was ignorant the victim was a federal officer or employee.[1]  See United States v. Ornelas, 906 F.3d 1138, 1148 (9th

---

[1] Model Instruction 8.3 lays out the two potential self-defense theories to assault on a federal officer.  The first is when a defendant does not know the victim is a federal officer. Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.).  The government does not understand defendant to be pursuing this theory of self-defense.  Nor could he.  Officer L.R. was in uniform -- wearing a dark blue long-sleeved shirt and matching hat, both clearly marked with golden/yellow law enforcement and "FPS" markings. Officer L.R. was with many other FPS officers and agents on scene, all in roughly the same fully marked, distinctive uniform.  This is not a case of mistaken identity, and defendant cannot reasonably
*(footnote cont'd on next page)*

Cir. 2018). Defendant must still offer evidence to show "(1) a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." Acosta-Sierra, 690 F.3d at 1126 (cleaned up); United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011). Here, defendant cannot proffer prima facie evidence of either of the two prongs of the analysis.

First, defendant cannot establish that he reasonably believed he needed to use force to "defend" himself against the use of unlawful force. There is nothing in the record to suggest Officer L.R. used *any* force against defendant prior to the camera strike -- let alone unlawful force. See United States v. Span, 75 F.3d 1385-86, 90-91 (9th Cir. 1996) (finding ineffective assistance of counsel where defense attorney failed to raise excessive force defense after witnesses observed marshals engage in disproportionate force against defendant). Video footage confirms that defendant was not afraid of Officer L.R. (or any other FPS officers) as he went from officer to officer, pointing his camera within inches of their face. Defendant was the first to make any kind of physical contact when -- without any provocation -- he struck Officer L.R. in the nose with his camera. It was only then that Officer L.R. moved defendant's hand out of the way, the only physical contact Officer L.R. ever initiated against defendant prior to arresting him. In response to another instruction to step off federal property, defendant struck Officer L.R. in the chest, shouting "fuck you." Officer L.R. did not attack defendant nor threaten his "immediate" well-being. Defendant cannot

---

argue he was unaware of Officer L.R.'s status as a federal law enforcement officer.

4

reasonably argue that he thought he needed to defend himself against Officer L.R.; if defendant had not instigated the encounter by getting in officers' faces with his camera and then affirmatively striking one in the nose, he would not have been arrested. Indeed, courts have long held that a person who starts a violent encounter is categorically barred from invoking self-defense. See United States v. Urena, 659 F.3d 903, 907 (9th Cir. 2011); see also United States v. McNeal, 765 F. App'x 193, 194 (9th Cir. 2019); United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (an objective standard, rather than a subjective one, applies to the requirement that there be a reasonable belief that self-defense was necessary). Defendant cannot make a prima facie showing on the first element.

Second, defendant cannot establish that he used no more force than what appeared reasonably necessary under the circumstances to protect against unlawful force. Again, defendant was the first to make any kind of physical contact with officers when he struck Officer L.R. in the nose with his camera. He might simply have stepped off federal property and continued his photography from the public space alongside the Roybal Federal Building's apron. Instead, he chose to strike an officer in the face, and when that officer moved defendant's hand out of the way, defendant chose to strike him in the chest. His actions were neither reasonable nor necessary under the circumstances. Defendant therefore cannot make a prima facie showing on the second element of the self-defense against excessive force theory.

## IV. CONCLUSION

In sum, the Ninth Circuit permits two forms of self-defense in a § 111 case: (1) ignorance of the official status of the person assaulted, United States v. Feola, 420 U.S. 671, 686 (1975), and (2) an excessive force defense, Span, 75 F.3d at 1389). Defendant cannot make out a prima facie case for either defense. The government respectfully requests that this Court preclude defendant from presenting self-defense theory at trial.