BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
ERIC L. MACKIE (Cal. Bar. No. Pending)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6159 / -3289
    Facsimile: (213) 894-0141
    Email:    Rahul.Hari@usdoj.gov
            Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ISAIAS LOPEZ,<br><br>    Defendant. | No. 2:25-cr-00705-MEMF<br><br>GOVERNMENT'S MOTION *IN LIMINE* #3 TO PRECLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE<br><br>Hearing Date: Nov. 5, 2025<br>Hearing Time: 3:00 p.m.<br>Location:    Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Eric L. Mackie, hereby submits this Motion in Limine to Exclude Irrelevant and Prejudicial Evidence Regarding Defendant's Arrest.

///

///

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 27, 2025          Respectfully submitted,

             BILAL A. ESSAYLI
             Acting United States Attorney

             ALEXANDER B. SCHWAB
             Assistant United States Attorney
             Acting Chief, Criminal Division

               /s/
             ERIC L. MACKIE
             RAHUL R.A. HARI
             Assistant United States Attorneys

             Attorneys for Plaintiff
             UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant ISAIAS LOPEZ struck Federal Protective Service ("FPS") Officer L.R. on the bridge of the nose with the lens of his camera during a protest outside the Roybal Federal Building in downtown Los Angeles.  When Officer L.R. moved defendant's arm away and directed him to step back from federal property, defendant shouted "fuck you" and shoved Officer L.R. in the chest. For this conduct, defendant has been charged with assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1).

A publicly available video, a portion of which is attached as Exhibit A and the full version of which is available at https://www.youtube.com/watch?v=Su6b3UMYTms, captures the assault and the ensuing arrest.  Defendant is not the central subject of the video but can be seen on the left-hand side of the recording wearing black.  In Exhibit A, the camera strike occurs at the 0:04–0:05 mark, and the shove occurs at the 0:06–0:07 mark.  The remaining footage depicts the takedown arrest of defendant by multiple officers several seconds later, long after the assaultive conduct was complete.

The government anticipates that defendant may seek to introduce evidence or argument relating to the takedown and arrest that occurred after the assault, such as officers' use of force to restrain defendant or defendant's physical appearance afterward. This evidence should be excluded under Federal Rules of Evidence 401 and 403, because what occurred during defendant's arrest has no bearing on whether he committed the charged assault and would only serve to confuse the jury and inflame its sympathies.

## II. STATEMENT OF FACTS

On August 8, 2025, a group of protesters gathered near the employee entrance and loading dock of the Roybal Federal Building and U.S. Courthouse, located at 255 E. Temple Street in Los Angeles. FPS officers instructed protesters, including defendant, not to enter federal property. Despite repeated warnings, defendant stepped onto the restricted "apron" area of the loading dock while holding a professional-style digital single-lens reflex ("DSLR") camera.

At approximately 8:08 p.m., defendant moved within inches of several uniformed FPS officers, pointing his camera directly at their faces. When Officer L.R. told defendant to step back, defendant pushed the camera into Officer L.R.'s face, striking him on the bridge of the nose and leaving a visible welt. Officer L.R. then pushed defendant's arm away and again directed him to move back. Defendant shouted, "fuck you" and struck Officer L.R. in the chest with his hand.

The assault was complete within seconds. At that point, officers attempted to restrain and arrest defendant, who resisted. The subsequent takedown, during which multiple officers brought defendant to the ground, occurred after the charged assaultive conduct ended.

## III. ARGUMENT

### A. Evidence of the Takedown and Arrest Is Irrelevant

Any attempt by defendant to introduce evidence of his arrest should be precluded under Rules 401 and 403. The assault charged under § 111(a)(1) was complete when defendant struck Officer L.R. with his camera and then pushed him in the chest. Evidence of the officers' subsequent efforts to restrain and arrest defendant has no

2

tendency to make any element of the offense – i.e., (1) forcible assault, (2) upon a federal officer, (3) engaged in the performance of official duties -- more or less probable. See Fed. R. Evid. 401; Model Crim. Jury Instr. 9th Cir. 8.2 (2022).

Because the takedown occurred after the assault was over, it is not relevant to defendant's intent, state of mind, or any claim of self-defense. The Ninth Circuit has recognized that self-defense in a § 111 case applies only to "a narrow range of circumstances" involving excessive force during the confrontation itself, not afterward. United States v. Acosta-Sierra, 690 F.3d 1111, 1126 (9th Cir. 2012). Here, the alleged force used by officers to arrest defendant occurred *after* defendant initiated and completed the assault on Officer L.R., and thus cannot form the basis of any self-defense theory.

**B.   Even if Minimally Relevant, the Evidence Should Be Excluded Under Rule 403**

Even assuming some minimal relevance, the probative value of post-assault footage or testimony is substantially outweighed by the danger of unfair prejudice, jury confusion, and undue delay. See Fed. R. Evid. 403. Such evidence would invite the jury to shift its focus from defendant's conduct to the officers' actions following such conduct, transforming the trial into a referendum on the propriety of the arrest rather than the charged assault.

As the Ninth Circuit has explained, evidence is unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action." United States v. Blackstone, 56 F.3d 1143, 1146 (9th Cir. 1995). Introducing evidence of officers' use of

3

force during the arrest would do precisely that, provoking emotional reactions while providing no insight into whether defendant committed the charged assault.

Moreover, introduction of such evidence risks confusing the issues and creating a collateral "mini-trial" as to whether the arrest was proper. As the jurors will likely be instructed, they are "to weigh and to evaluate all the evidence received in the case" and not "be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases." Model Crim. Jury Instr. 9th Cir. 1.1 (2024). The introduction of the evidence at issue risks unfair prejudice against the government and invites the jury to make their own independent determination about the reasonableness of the arrest -- which occurred after the charged conduct -- that will likely be based on their perception of law enforcement rather than legal precedent[1].

Given the limited probative value of evidence of the arrest, the only purpose of introducing such evidence would be to confuse the jury about the elements of the offense, inflame the passions of the jury, or otherwise invite jury nullification by suggesting that the officers acted overzealously or inappropriately. Defendant is not entitled to introduce this otherwise irrelevant evidence in the hopes of encouraging jury nullification. This Court should prevent such a sideshow by excluding evidence of the takedown arrest, which occurred only after defendant's criminal conduct was complete.

---

[1] Courts have repeatedly recognized the "delicate situation faced by law enforcement officers, who are required to make snap judgments regarding the very real threats that unrest presents to officers and the public alike." Acosta-Sierra, 690 F.3d at 1127.

4

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine and exclude any evidence, testimony, or argument relating to defendant's arrest, including but not limited to footage or references depicting defendant's takedown arrest or any purported injuries he sustained thereafter.