# Exhibit A

# FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854

| | |
|---|---|
| **CUAUHTEMOC ORTEGA** *Federal Public Defender* **AMY M. KARLIN** *Chief Deputy* **C. PAMELA GÓMEZ** *Capital Habeas Chief* **LISA LABARRE** *Los Angeles Trial Chief* | **KELLEY MUNOZ** *Santa Ana Branch Chief* **ANGELA C.C. VIRAMONTES** *Riverside Branch Chief* **MARGARET A. FARRAND** *Appeals Chief* **JONATHAN AMINOFF** *Non-Capital Habeas Chief* **NEHA CHRISTERNA** *Collaborative Courts Chief* |

Direct Dial: (213) 894-7567

August 25, 2025

Thi Hoang Ho
AUSA - Office of US Attorney
312 North Spring Street, 12th Floor
Los Angeles, CA 90012
Email: thi.ho@usdoj.gov

    Re:    *United States v. Isaias Lopez*, 2:25-mj-04916

Dear Ms. Ho:

    I am writing to request formally discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as all materials which are discoverable pursuant to other statutes and case law, in particular, *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Giglio*, 405 U.S. 150 (1982), and their progeny, and the Jencks Act (18 U.S.C. § 3500). Please send all discovery to 321 E. 2nd Street, Los Angeles, California.

    As part of my obligation to confer with you per Rule 16.1 of the Federal Rules of Criminal Procedure, I request that
  a. Any documentary discovery you submit to me is
      i. Accompanied with a discovery letter describing what it is that you are disclosing,
      ii. Bates stamped,
      iii. OCR-ed, and
      iv. The Bates series title is <u>not</u> my client's name.
  b. If any discovery production is encrypted, please provide the encryption password within your discovery letter.
  c. Please cc my legal assistant, patricia_zepeda@fd.org, on all production correspondence, including any invitations to USAfx.

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 2

These measures substantially improve my ability to review efficiently any discovery with my client and will therefore make any resolution of this matter more timely.

I am requesting all discoverable information within the possession, custody, or control of the government, and which is known to the government or by the exercise of due diligence may become known to the government. I am also requesting that you inquire of each government agent connected to the case for the requested materials. If you have doubts as to the propriety of disclosure, the prosecution can submit the materials to the Court for its review.

This request is a continuing one. *See* Fed. R. Crim. P. 16(c). Also, so that the defense may have an adequate opportunity for investigation and preparation, the defense requests that the discovery requested below be provided at the earliest feasible opportunity. Please produce items in their original format with associated metadata.

**To date, I have received no discovery in this matter.**

The defense specifically requests the following:

I. <u>Discovery Pertaining to Statements Made by Mr. Lopez (Fed. R. Crim. P. 16(a)(1)(A) & (B))</u>:

   a. Under Fed. R. Crim. P. 16(a)(1)(A), Mr. Lopez is entitled to disclosure of <u>all</u> copies of any written or recorded statements made by him; the substance of any statements made by him that the government intends to offer in evidence at trial; any response by him to interrogation; the substance of any oral statements that the government intends to introduce at trial, any written summaries of his oral statements contained in the handwritten notes of any government agent; any response to any *Miranda* warnings that may have been given to him, *see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982), and any other statements by him discoverable under Fed. R. Crim. P. 16(a)(1)(A).

   b. Thus, I request:

      i. All oral, written, and recorded statements made by Mr. Lopez to government agents and/or confidential informants. This request includes any written waivers signed by Mr. Lopez of his *Miranda* rights and/or any responses to *Miranda* warnings that were given by Mr. Lopez. This request also includes, but is not limited to, (1) any testimony of Mr. Lopez before a grand jury; (2) all law enforcement agency reports; (3) all notes of law enforcement officers, whether or not used to prepare reports; and (4) the substance of any other relevant oral statement made by Mr. Lopez in response to interrogation by a person Mr. Lopez knew to be a government

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 3

      agent if the government intends to use that statement at trial. With respect to the latter subcategory, I specifically request that you confirm with the author whether the report of the oral statement is complete and, if it is not complete, prepare a new report.

  ii. All statements made by Mr. Lopez to any other individual or in any other proceeding that is connected in any way to the present charges (*i.e.*, depositions, interrogatories, requests for admissions, or other discovery).

  iii. All written or recorded statements made by Mr. Lopez that are within the government's possession, custody, or control, including but not limited to text messages, instant messages, emails, and photographs. Fed. R. Crim. P. 16(a)(1)(B).

II. <u>Discovery Pertaining to Arrest Reports, Notes, and Dispatch Recordings (Fed. R. Crim. P. 16(a)(1)(B) and (C))</u>

  a. Mr. Lopez also specifically requests that all arrest reports, notes, incident detail reports, and dispatch reports or any other records, tapes, or recordings that relate to the circumstances surrounding the arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland,* 373 U.S. 83 (1963). *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968).

  b. Mr. Lopez also specifically requests arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports about Mr. Lopez that are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2. Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

III. <u>Discovery Pertaining to the Criminal History of Mr. Lopez (Fed. R. Crim. P. 16(a)(1)(D))</u>:

  a. Mr. Lopez requests, under Fed. R. Crim. P. 16(a)(1)(D), that the government provide a complete copy of Mr. Lopez's prior criminal record, if any, within the possession, custody or control of the government. This includes both state and federal "rap sheets" or arrest records.

IV. <u>*Brady* Material</u>

  a. Mr. Lopez requests all documents, statements, agents' reports, incident detail reports, recordings, photographs, and tangible evidence favorable to Mr. Lopez on

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 4

    the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within *Brady*'s definition of evidence favorable to the accused.  *See United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs,* 427 U.S. 97 (1976).

V. <u>Evidence Seized</u>

    a. Mr. Lopez requests evidence seized because of any search, either warrantless or with a warrant, as such evidence is discoverable under Fed. R. Crim. P. 16(a)(1)(E).  Any seized items that the government attributes to Mr. Lopez are requested to be returned and any prior consent to search any items is withdrawn.

    b. Mr. Lopez requests any search warrants and search warrant applications submitted by the government, the FBI, the Los Angeles Police Department, or any other local, state, or federal law enforcement agency related to or involved in investigating or responding to the incidents charged in the Indictment, including any such warrants or applications that were denied.

VI. <u>Request for Preservation of Evidence</u>

    a. Mr. Lopez specifically requests preservation of all relevant videotapes, dispatch tapes, body-worn camera footage, recordings, reports, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case.  Furthermore, if there are any handwritten notes by agents, I request that you inform the agents to preserve such notes until a judicial determination can be made regarding their discovery.  *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).

VII. <u>Tangible Objects</u>

    a. Mr. Lopez requests, under Fed. R. Crim. P. 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, digital devices, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were seized as evidence or potential evidence against Mr. Lopez.

VIII. <u>Information Regarding Informants and Cooperating Witnesses</u>

    a. Mr. Lopez requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case.  At a minimum, the government is obligated to disclose the identity and location of any

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 5

    informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to Mr. Lopez. *Roviaro v. United States,* 353 U.S. 53 (1957).

  b. Specifically, Mr. Lopez requests all "'documents, and information relating to the period between [all potential or actual informer/accomplice/cooperating witness's] initial contact with the government regarding possible cooperation and the point at which the witness and the government reached an agreement concerning [such person's possible] testimony' in this case." *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Cal. 1999).

**DISCOVERY PERTAINING TO TRIAL AND NON-TRIAL WITNESSES:**
**These discovery requests pertain to witnesses connected with this case, whether or not they will be called at trial.**

IX.    Evidence of Bias or Motive to Lie

  a. Mr. Lopez requests any evidence that any prospective government witness is biased or prejudiced against Mr. Lopez, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988).

X.    Impeachment Evidence

  a. Mr. Lopez requests all information that can be used to impeach any witnesses, such as information that shows lack of truthfulness, bias, or motive to lie. This information includes but is not limited to prior arrests, convictions, criminal investigations, formal and informal complaints bearing on truthfulness, false statements to any authority, and inconsistent statements. This request also encompasses evidence, such as medical or psychiatric reports or evidence of past alcohol or narcotics use, which may demonstrate impairment of a witness's ability to perceive, remember, communicate, or tell the truth. *See, e.g.*, *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988).

  b. Any express or implicit promise, understanding, agreement, benefit, offer of immunity, or compensation between a witness and the government. *Giglio*, 405 U.S. at 154-55.

  c. Any discussion or advice concerning any contemplated prosecution of any prospective government witness, or any possible plea bargain, even if no bargain was actually made, or the advice not followed.

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 6

XI. <u>Evidence of Criminal Investigation of Any Government Witness</u>

    a. Mr. Lopez requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *See United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record), *Thomas v. United States,* 353 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

    b. Mr. Lopez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

XII. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>

    a. Mr. Lopez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

XIII. <u>Names of Witnesses</u>

    a. Mr. Lopez requests the names and addresses of all witnesses that the government intends to call at trial. *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973). Separately, I request (1) the names and addresses of those witnesses the government does not intend to call at trial, *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984); (2) the true names and addresses of any confidential informants and/or cooperating witnesses, *United States v. Ordonez*, 737 F.2d 793, 808-09 (9th Cir. 1984); and (3) the names and addresses of all witnesses who have made arguably favorable statements concerning the defendant, *see, e.g.*, *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968).

XIV. <u>Statements Relevant to the Defense</u>

    a. Mr. Lopez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailees,* 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses and any exculpatory witness statement, including negative exculpatory statements, *i.e.*, statements by informed witnesses that fail to mention the defendant.

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 7

XV. <u>Jencks Act Material</u>

    a. In order to avoid recesses and continuances during trial, Mr. Lopez requests early disclosure of any Jencks material. Specifically, he requests all material to which he is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.

    b. This request includes all statements of all witnesses the government intends to call in its case-in-chief, as well as all other materials discoverable under the Jencks Act for impeachment. Please include, *inter alia*, all notes, written and oral statements, and preliminary hearing and grand jury transcripts. 18 U.S.C. § 3500(e); Fed. R. Crim. P. 26.2; *United States v. Ogbuehi*, 18 F.3d 807, 810-11 (9th Cir. 1994); *United States v. Boshell*, 952 F.2d 1101, 1104 (9th Cir. 1991).

XVI. <u>*Giglio* Information</u>

    a. Pursuant to *Giglio v. United States,* 405 U.S. 150 (1972), Mr. Lopez requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

XVII. <u>Government Examination of Law Enforcement Personnel Files</u>

    a. Mr. Lopez requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential information in this case.

    b. Mr. Lopez requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991). *See United States v. Jennings,* 960 F.2d 1488, 1492 (9th Cir. 1992).

XVIII. <u>Government's Notice of Intent to Introduce any Evidence Pursuant to Federal Rules of Evidence 404(b) and 609</u>

    a. Mr. Lopez requests notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b) and 609. It is the defense's position that reasonable notice means no later than the deadline for filing motions in this case. *See* Fed. R. Crim. P. 12(b)(4)(B).

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 8

      b. Also, it is my position that proper notice requires the government to specify the theory of admissibility of such evidence so that the defense may evaluate the filing of a motion *in limine*. This includes notice of any evidence the government claims is "inextricably intertwined" that could be interpreted as Rule 404(b) evidence.

XIX. <u>Government's Notice of Intention to Use Evidence (Fed. R. Crim. P. 12(d)(2))</u>

      a. In order to afford an opportunity to move to suppress evidence, the defense hereby requests timely notice of the government's intention to use (in its case-in-chief at trial) any evidence that Mr. Lopez may be entitled to discover under Rule 16.

XX. <u>Expert Witness Notification and Summary of Testimony</u>

      a. Mr. Lopez requests that the government timely provide notice of any witness it intends to proffer as an expert to give opinion testimony and timely fulfill all obligations under Federal Rule of Criminal Procedure 16(a)(1)(G). This includes, but is not limited to, a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defense has timely disclosed; the bases and reasons for all such opinions; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(a)(G)(iii). Per Federal Rule of Criminal Procedure 16(a)(1)(G)(v), the witness must approve and sign the disclosure, unless the government (a) states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or (b) has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required under Rule 16(a)(G)(iii).

XXI. <u>Electronic Database Evidence</u>

      a. Please provide any evidence held by any federal agency that involves Mr. Lopez that is held electronically, such as the DEA DICE database.

XXII. <u>Digital Device Evidence</u>

      a. For any and all digital devices, including mobile and non-mobile devices, seized, found, or otherwise acquired by the government in relation to this case, or acquired by another party and which could be obtained by the government, Mr. Lopez requests the following data:

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 9

    i. All verifiable and authenticated image files that were acquired utilizing forensic software in original native file format with any and all relevant digital verifications (hash values) associated with the data seized, to include any RAM (random access memory) acquisitions seized;

    ii. All extractions (acquisitions) conducted on the devices (Logical, File System, and/or Physical) that were acquired utilizing forensic software in original native file format with any and all relevant digital verifications (hash values) associated with the data seized;

    iii. A Cellebrite Reader Report (including the appropriate Cellebrite Reader .exe program version to analyze the acquisition) if applicable;

    iv. All forensic reports and notes generated by law enforcement personnel or the prosecution's experts pertaining to the acquisition, preservation, and/or analysis in the course of their investigation;

    v. Notes, documentation, photographs, and/or videos of the devices in original digital format pertaining to the seizure and acquisition of the devices including but not limited to records documenting the chain of custody, documented serial numbers for devices seized, handling or usage of devices, or any further document establishing the span of control over the device from seizure to the current disposition;

    vi. Policies, documented procedures, distributed resources, and guidelines of the government agencies pertaining to the handling of digital evidence;

    vii. A copy of the job description, resume or curriculum vitae, and all testimony reviews of any prosecution expert involved in the seizure, handling, or examination of the items.

XXIII. <u>Mr. Lopez's Notice of Defenses</u>

    a. Some Assistant United States Attorneys request notice of defenses beyond that required by the Federal Rules of Criminal Procedure. Please note I cannot provide notice of any defense beyond that required by Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure. If you make such a request, please do not assume by my silence that we are limiting our defenses.

XXIV. <u>Discovery Mandated by California Ethical Rules</u>

    a. Please provide all discovery required pursuant to Rule 3.8 of the California State Bar Rules of Professional Conduct (as amended June 1, 2020). Please note that

Thi Hoang Ho
AUSA - Office of US Attorney
August 25, 2025
Page 10

the Rule requires that the prosecutor's duty of discovery is "not limited to evidence or information that is material as defined by *Brady v. Maryland* (1963), 373 U.S. 83 [83 S.Ct. 1194] and its progeny." State bar rules are binding on federal prosecutors. *See* 28 U.S.C. § 530B ("[a]n attorney for the Government shall be subject to State laws and rules . . . governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that state"); *United States v. Lopez-Avila*, 678 F.3d 955, 964 (9th Cir. 2012) ("Section 530B requires federal attorneys to behave within a state's rules for attorney conduct.").

XXV. <u>Unredacted Discovery</u>

    a. Please provide an unredacted copy of all discovery.

This is a continuing discovery request. **For electronic documents, please include and do not destroy any original metadata and native formats.**

\* \* \*

XXVI. <u>CASA</u>

Through this letter, I am also providing notice that Mr. Lopez may apply for the CASA program. The defense is continuing to gather information and will submit such application if and when it is appropriate.

Thank you in advance for your prompt response and for your continuing cooperation in providing discovery. Please do not hesitate to call me if you have any questions.

    Sincerely,

    Rebecca Abel
    Deputy Federal Public Defender
    Counsel for Hector Isaias Lopez