1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  REBECCA M. ABEL  (Bar No. 298604)
   (E-Mail:  rebecca_abel@fd.org)
3  KYRA NICKELL (Bar No. 328816)
   Deputy Federal Public Defenders
4  321 East 2nd Street
   Los Angeles, California 90012-4202
5  Telephone:  (213) 894-2854
   Facsimile:  (213) 894-0081
6
7  Attorneys for Defendant
   ISAIAS LOPEZ
8
9              **UNITED STATES DISTRICT COURT**
10            **CENTRAL DISTRICT OF CALIFORNIA**
11                  **WESTERN DIVISION**
12

| | |
|---|---|
| 13  UNITED STATES OF AMERICA, | Case No. 2:25-cr-00705-MEMF-1 |
| 14             Plaintiff, | **DEFENDANT'S MOTION *IN LIMINE* #2 TO EXCLUDE INFLAMMATORY LANGUAGE AND THE ACTIONS OF NON-PARTIES** |
| 15           v. | |
| 16  ISAIAS LOPEZ, | |
| 17             Defendant. | **Hearing Date: November 5, 2025** |
| 18 | **Hearing Time: 3:00 p.m.** |
| | **Hon. Maame Ewusi-Mensah Frimpong** |

19
20
21
22
23
24
25
26
27
28

1    Defendant Isaias Lopez, by and through his undersigned counsels of record,

2  Rebecca M. Abel and Kyra Nickell, hereby files this *motion in limine* to prevent the

3  government and its witnesses from using inflammatory language, and to exclude the

4  actions and statements made by persons other than the defendant.  This evidence is

5  inadmissible under Federal Rules of Evidence 401, 403, and 701.

6    This motion is based on the attached memorandum of points and authorities, the

7  attached exhibits, all files and records in this case, and any argument presented at any

8  hearing on this matter.

9

10                                    Respectfully submitted,

11                                    CUAUHTEMOC ORTEGA
                                       Federal Public Defender
12

13

14  DATED:  October 27, 2025          By  */s/ Rebecca M. Abel*

15                                    REBECCA M. ABEL
                                       KYRA NICKELL
16                                    Deputy Federal Public Defender
                                       Attorney for ISAIAS LOPEZ
17

18

19

20

21

22

23

24

25

26

27

28

                                         ii

## MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION

At 8:00 p.m. on August 8, 2025, Mr. Isais Lopez was photographing a protest opposing recent immigration policies that had just started to gather behind the Metropolitan Detention Center ("MDC").  Using a professional camera, Mr. Lopez was photographing protestors and officers of the Federal Protective Services ("FPS") on the sidewalk between the MDC and Roybal Federal Building.  FPS Inspector Leo Ranjo approached Mr. Lopez and told him to get back to the sidewalk.  At that point, an incident occurred between Inspector Ranjo and Mr. Lopez.  The government claims that Mr. Lopez committed felony assault on Inspector Ranjo.

By the time of this trial on November 10, 2025, this will be the fourth trial involving the immigration protests in Los Angeles, where an attendee of the protest has been accused of assaulting a federal officer.  The first two trial have concluded.  In both, the defendant was found not guilty by a jury.[1]  Based on the reports produced in this case and the evidence attempted to be introduced in those cases, the defense has reason to believe that the government intends to offer irrelevant and prejudicial evidence at trial.[2]

*First*, the defense moves to exclude inflammatory and prejudicial language used by government witnesses at trial.  This includes statements by the witnesses that Mr. Lopez committed "assault"—a legal conclusion, not a statement of fact—or that Inspector Ranjo is a "victim"—a label that presumes guilt.  The defense also moves to exclude prejudicial descriptions of those present at MDC on the evening of August 8.  In

---

[1] Defense counsel, Supervising Deputy Federal Public Defender Rebecca M. Abel, represented one of the defendants at trial.  *See United States v. Alexandria Augustine*, Case No. 2:25-CR-678-KS (C.D. Cal. Oct. 10, 2025).

[2] The defense met and conferred with the government regarding this motion on October 23, 2025, and the government did not state it would not offer the evidence discussed herein.

1

multiple public filings, the government has described the attendees as "rioters"[3] and has described the protests as "civil unrest."  These terms, and those like them, should be excluded because they are (1) improper legal conclusions and (2) unfairly prejudicial.  Fed. R. Evid. 701; 403.

*Second*, the defense moves to exclude reference to the actions of protestors on other dates or times, or any actions other than those of Mr. Lopez.  Description of the action of protestors that are not Mr. Lopez and did not occur at the time of Mr. Lopez' interaction with Inspector Ranjo are irrelevant to this case.  At both of the prior similar trials in this district, government witnesses—at the government's invitation—expounded on the ongoing immigration protests around the Roybal building and the actions of protestors on other dates and times, including describing vandalism, graffitiing, destruction of property, and unrelated arrests.  None of those things occurred at the date and time of Mr. Lopez' interaction with the FPS on August 8.  Moreover, in the reports in this case, the officers repeatedly describe actions and statements by protestors that are not Mr. Lopez.  Because these actions are irrelevant, unfairly preludial, and will waste the jury's time, they should be excluded.  Fed. R. Evid. 401; 403.

## II. ARGUMENT

### A.    The government should not be permitted to use inflammatory language.

The government and its witnesses should not be permitted to use inflammatory language that is (1) a legal conclusion or (2) unfairly prejudicial.  Specifically, the government and its witnesses should not be able to describe the incident as an "assault"

---

[3] *See Los Angeles Press Club v. Kristi Noem*, Case No. 2:25-CV-5563-HDV, Dkt. No. 55 at 32 & n.26 (C.D. Cal. Sept. 10, 2025) ("Viewed in the light most generous to Defendants, the record reveals that upon encountering any violence—however minor—Defendants indiscriminately targeted in equal measure violent actors and peaceful protestors, journalists, and observers.  This approach is also evidenced by Defendants' characterization of all protestors as "rioters," when Plaintiffs' uncontradicted evidence reveals that the gathered crowds in downtown Los Angeles . . . included community leaders, families including children and elderly individuals, and other concerned community members, alongside the occasional bad actor.").

or Inspector Ranjo as a "victim."[4]  "[U]se of the term 'victim' is argumentative, presupposes a crime, and carries a risk of prejudice." *United States v. Gaviola*, No. 1:22-CR-00233 JLT SKO, 2025 WL 2718763, at *6 (E.D. Cal. Sept. 24, 2025) (granting motion to preclude references "to MV as 'victim'" outside of opening and closing statements, and directing that the government "discuss this ruling with any witnesses they intend to call to testify so that they understand they are not to refer to MV as the 'victim'").  Similarly, description by the witnesses or government counsel of the incident as an "assault," presupposes a crime occurred, and invades the province of the Court, whose instructions on the law regarding the definition of "assault" are paramount.  *See United States v. Henery*, No. 1:14-CR-00088-BLW, 2015 WL 409684, at *5 (D. Idaho Jan. 29, 2015) (granting motion to preclude "detectives' opinion testimony that a hate crime occurred").  Thus, witnesses should not be permitted to state that "Mr. Lopez assaulted Inspector Ranjo," or any similar characterizations.  Such statements are unfairly prejudicial, improper legal conclusions, and cause juror confusion.

    In addition, the defense moves to preclude statements describing those present on the evening of August 8 as "rioters," or describing the gathering on that evening as "civil unrest," "insurrection," "public disorder," or similar terms.  There is no evidence that any riot, civil unrest, insurrection, or public disorder was ongoing at the time of Mr. Lopez' alleged assault.  There was a small gather of about 20 protestors carrying signs, megaphones, and cell phones on the sidewalk adjacent to the MDC.  These are provocative terms used to inflame the passions of the jury against Mr. Lopez.  They are improper under Rule 403 and should be excluded.

**B.    The government should not be permitted to offer the actions of persons other than Mr. Lopez.**

Mr. Lopez is charged solely with an alleged assault that occurred on August 8, 2015.

---

[4] The defense excludes from this request references to "assault" used in the opening and closing statements to describe the alleged crime.

3

The government, and its witnesses, must be precluded from introducing evidence concerning actions by others. In particular, the defense has a substantial concern—based on the government's actions in prior similar cases—that the government will attempt to offer evidence regarding the protests writ large, the actions by protestors on other dates and times, and specifically criminal actions taken by others, such as vandalism, destruction of property, or graffitiing. There is no dispute that Mr. Lopez did none of these alleged criminal acts, nor is there any evidence that Mr. Lopez was ever at any other Roybal protest, other than the one on August 8. The actions by others are irrelevant to the sole count charged in this case, and are unfairly prejudicial to Mr. Lopez, as they are designed to link him to the illegal or ill-mannered actions of others. The government must be precluded from turning this trial into a referendum on protests writ large, as opposed to the narrow charge concerning their actions on August 8. *Cf. M.H. v. Cty. of Alameda*, No. 11-CV-02868-JST, 2015 WL 894758, at *9 (N.D. Cal. Jan. 2, 2015) (in a police brutality case, prohibiting the reference to specific other instances of alleged police brutality, such as the Eric Garner or Michael Brown incidents, which received widespread media attention); *Rambus v. Jenkins*, No. 92 C 7284, 1993 WL 210546, at *2 (N.D. Ill. June 11, 1993) (in a civil rights case, prohibiting the reference to the recent Rodney King beating and trial because it would be "extremely prejudicial and inflammatory.").

The report prepared by Inspector Ranjo in this case reveals that the defense's concerns are justified. Inspector Ranjo begins by describing that protestors were gathered and were "shouting and yelling profanities suck as, 'Fuck you pigs', 'Kill yourselves', 'Fucking Bitches', directed at the Inspectors on site." (Ex. A at 6.) There is no suggestion in the report, or anywhere in the discovery, that Mr. Lopez made these statements. Thus, they are irrelevant to whether an assault occurred, violate Rule 403, and should be excluded. The report goes on to describe protestors "yelling into bullhorns" and "making obscene gestures." (*Id.*) Again, none of these were actions taken by Mr. Lopez. Inspector Ranjo—and the government—intend to paint Mr. Lopez

as a bad actor by lumping him in with "all protestors," with no evidence (a) that he is a protestor or (b) that he did any of the "obscene" actions or made the specific "profan[e]" statements included in the report.

The defense requests that this trial be focused on Mr. Lopez—a photographer documenting the August 8 protest and police response—not on the actions of protestors writ large, the criminal actions taken by protestors at other times, or the actions taken by protestors that are not Mr. Lopez.

### III. CONCLUSION

For the foregoing reasons, the defense moves to preclude the government from using inflammatory language to describe the incident and the protest, and from eliciting evidence regarding the conduct of those that are not Mr. Lopez. This language and evidence is inadmissible under Rules 401, 701, and 403.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  October 27, 2025          By  */s/ Rebecca M. Abel*

REBECCA M. ABEL
KYRA NICKELL
Deputy Federal Public Defender
Attorney for ISAIAS LOPEZ

5