BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ERIC L. MACKIE (Cal. Bar No. Pending)
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3289/-6159
    Facsimile: (213) 894-0141
    E-mail:    eric.mackie@usdoj.gov
               rahul.hari@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00705-MEMF |
|---|---|
| Plaintiff, | |
| v. | JOINT & DISPUTED PROPOSED JURY INSTRUCTIONS |
| ISAIAS LOPEZ, | Trial Date: October 20, 2025 |
| Defendant. | Trial Time: 08:30 AM |
| | Location:  Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

        Plaintiff United States of America, by and through its counsel
of record, the First Assistant United States Attorney for the
Central District of California and Assistant United States Attorneys
Eric L. Mackie and Rahul R.A. Hari, and defendant ISAIAS LOPEZ, by
and through his counsel of record Deputy Federal Public Defenders
Rebecca Abel and Kyra Nickell, hereby submit their Joint & Disputed
Proposed Jury Instructions in the above-captioned case.  The parties
respectfully reserve the right to supplement these jury instructions
as needed.

1

Unless otherwise noted, the parties have used the most recent version (as of October 30, 2025) of the Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.


Dated: October 30, 2025          Respectfully submitted,

                                 BILAL A. ESSAYLI
                                 First Assistant United States
                                 Attorney

                                 ALEXANDER B. SCHWAB
                                 Assistant United States Attorney
                                 Acting Chief, Criminal Division


                                 /s/ Rahul R.A. Hari
                                 _____
                                 ERIC L. MACKIE
                                 RAHUL R.A. HARI
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

Dated: October 30, 2025          CUAUHTEMOC ORTEGA
                                 Federal Public Defender

                                 /s/ Rebecca Abel
                                 _____
                                 Rebecca Abel
                                 Kyra Nickell
                                 Deputy Federal Public Defenders

                                 Attorneys for Defendant
                                 ISAIAS LOPEZ


*Local Civil Rule 5-4.3.4 Attestation: I attest that all other signatories listed concur in the filing's content and have authorized the filing.

                                 /s/ Rahul Hari
                                 _____
                                           RAHUL R.A. HARI

### INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| **INSTRUCTIONS BEFORE OPENING STATEMENTS** | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 2 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 3 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 4 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 5 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 6 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 7 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 8 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 10 |

i

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 13 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 14 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 15 |
| 12 | | Bench Conferences And Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 16 |
| **INSTRUCTIONS DURING THE COURSE OF TRIAL** | | | | |
| 13 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 18 |
| 14 | | Evidence for Limited Purpose **[If applicable]** | Ninth Circuit Model Criminal Justy Instructions, No. 2.12 (2022 ed.) | 20 |
| **INSTRUCTIONS AFTER THE CLOSE OF EVIDENCE** | | | | |
| 15 | | Duties of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 23 |
| 16 | | Charge Against Defendant Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 24 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 17 | | Stipulations of Fact<br><br>**[If applicable]** | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 25 |
| 18 | | Statements by Defendant<br><br>**[If applicable]** | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 26 |
| 19 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 27 |
| 20 | | Reasonable Doubt -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 28 |
| 21 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 29 |
| 22 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 30 |
| 23 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 31 |
| 24 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | |
| 25 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 33 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 26 | | **[Disputed]** Government's Proposed: Assault on a Federal Officer or Employee | Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) | 35 |
| 26 | | **[Disputed]** Defendant's Proposed: Assault on a Federal Officer or Employee | Ninth Circuit Model Criminal Jury Instructions, Nos. 8.1 (2022 ed.) (Assault on a Federal Officer or Employee)(18 U.S.C. § 111(a)); *United States v. Alexandria Augustine*, Case No. 2:25-CR-678-KS, Dkt. No. 80, Instrs. Nos. 11-13 (C.D. Cal. Oct. 10, 2025) | 36 |
| 27 | | **[Disputed]** Defendant's Proposed: Self-Defense | Ninth Circuit Model Criminal Jury Instructions, Nos. 5.10 (2022 ed.) (Self-Defense) | 42 |
| 28 | | **[Disputed]** Defendant's Proposed: Specific Unanimity | Ninth Circuit Model Criminal Jury Instructions, No. 6.27 (2022 ed.) (Specific Issue Unanimity) | 48 |
| 29 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 53 |
| 30 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 55 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 31 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 57 |
| 27 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 58 |
| 32 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 59 |
| 33 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 60 |

# INSTRUCTIONS BEFORE OPENING STATEMENTS

1   COURT'S INSTRUCTION NO. _____

2                      JOINT PROPOSED INSTRUCTION NO. 1

3       Jurors:  You now are the jury in this case, and I want to take a

4   few minutes to tell you something about your duties as jurors and to

5   give you some preliminary instructions.  At the end of the trial I

6   will give you more detailed instructions that will control your

7   deliberations.

8       When you deliberate, it will be your duty to weigh and to

9   evaluate all the evidence received in the case and, in that process,

10  to decide the facts.  To the facts as you find them, you will apply

11  the law as I give it to you, whether you agree with the law or not.

12  You must decide the case solely on the evidence and the law before

13  you.

14      Perform these duties fairly and impartially.  You should not be

15  influenced by any person's race, color, religious beliefs, national

16  ancestry, sexual orientation, gender identity, gender, or economic

17  circumstances.  Also, do not allow yourself to be influenced by

18  personal likes or dislikes, sympathy, prejudice, fear, public

19  opinion, or biases, including unconscious biases.  Unconscious biases

20  are stereotypes, attitudes, or preferences that people may

21  consciously reject but may be expressed without conscious awareness,

22  control, or intention.  Like conscious bias, unconscious bias can

23  affect how we evaluate information and make decisions.

24

25

26  Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.)

27  [Duty of Jury]

28

                                    2

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government. The government charges the defendant with assault on a federal officer in violation of Section 111(a)(1) of Title 18 of the United States Code. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The Charge -- Presumption of Innocence] (modified to reflect indictment)

3

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.)

[What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

[Direct and Circumstantial Evidence]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

7

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

//

//

//

1    The weight of the evidence as to a fact does not necessarily

2  depend on the number of witnesses who testify about it.  What is

3  important is how believable the witnesses are, and how much weight

4  you think their testimony deserves.

26  Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)

27  [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this

case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to

11

follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)
[Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.)

[Taking Notes]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.)

[Outline of Trial]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTIONS DURING
# THE COURSE OF TRIAL

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

<u>At the End of Each Day of the Case</u>:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.


<u>At the Beginning of Each Day of the Case</u>:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.


[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a

18

show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instruction]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

You are about to hear evidence that [*describe evidence to be
received for limited purpose*].  I instruct you that this evidence is
admitted only for the limited purpose of [*describe purpose*] and,
therefore, you must consider it only for that limited purpose and not
for any other purpose.

Ninth Circuit Model Criminal Jury Instructions, No. 2.12 (2022 ed.)
[Evidence for Limited Purpose]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INSTRUCTIONS AFTER
# THE CLOSE OF EVIDENCE

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

//

//

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.)

[Duties of the Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

**[If Applicable]**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.)

[Stipulations of Fact]

25

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

**[If Applicable]**

You have heard testimony that a defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.)

[Statements by Defendant]

26

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

**[If defendant does not testify]**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


**[If defendant testifies]**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not To Testify/To Testify]

1                    COURT'S INSTRUCTION NO. _____

2                JOINT PROPOSED INSTRUCTION NO. 20

3      Proof beyond a reasonable doubt is proof that leaves you firmly

4  convinced the defendant is guilty.  It is not required that the

5  government prove guilt beyond all possible doubt.

6      A reasonable doubt is a doubt based upon reason and common sense

7  and is not based purely on speculation.  It may arise from a careful

8  and impartial consideration of all the evidence, or from lack of

9  evidence.

10     If after a careful and impartial consideration of all the

11  evidence, you are not convinced beyond a reasonable doubt that the

12  defendant is guilty, it is your duty to find the defendant not

13  guilty.  On the other hand, if after a careful and impartial

14  consideration of all the evidence, you are convinced beyond a

15  reasonable doubt that the defendant is guilty, it is your duty to

16  find the defendant guilty.

26  Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)

27  [Reasonable Doubt -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.)

[What Is Evidence]

29

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) [Direct and Circumstantial Evidence] (modified to include illustrative example from commentary)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

You are here only to determine whether the defendant is guilty or not guilty of the charge in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) [Activities Not Charged].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

33

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.)

[Credibility of Witnesses]

34

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 26

The defendant is charged in the indictment with assault on a federal officer in violation of Section 111(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted L.R.; and

Second, the defendant assaulted L.R. while L.R. was engaged in, or on account of, his official duties.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

Ninth Circuit Model Criminal Jury Instructions, No. 8.1 (2022 ed.) [Assault on a Federal Officer or Employee]

COURT'S INSTRUCTION NO. _____

DEFENSE PROPOSED INSTRUCTION NO. 26

The defendant is charged in Count One with assault on a federal officer in violation of Section 111(a)(1) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted L.R.; and

Second, the defendant assaulted L.R. while L.R. was engaged in, or on account of, his official duties.

[Third, the defendant did not act in reasonable self-defense. [if applicable]]

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

//

//

The test for determining whether the officer is engaged in the performance of official duties is whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own. [The excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties. [if applicable]]

Ninth Circuit Model Criminal Jury Instructions, Nos. 8.1 (2022 ed.) (Assault on a Federal Officer or Employee)(18 U.S.C. § 111(a)); *United States v. Alexandria Augustine*, Case No. 2:25-CR-678-KS, Dkt. No. 80, Instrs. Nos. 11-13 (C.D. Cal. Oct. 10, 2025).

37

1

<u>Defense Position</u>

2    Because disproving self-defense is an element of the offense, it
3 should be added to the substantive offense instruction. Self-defense
4 is an element of the offense that must be disproved by the
5 government. Failure of the trial court to instruct the jury that the
6 government has the burden of disproving self-defense is reversible
7 error. *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001).
8 The comment to the Ninth Circuit's model self-defense instruction
9 instructs the Court to add as an element to the substantive offense
10 that it is the government's burden to disprove self-defense beyond a
11 reasonable doubt. Specifically, the comment provides: "When there is
12 evidence of self-defense, an additional element should be added to
13 the instruction on the substantive offense: for example, 'Fourth, the
14 defendant did not act in reasonable self-defense.'" It should be
15 added here, if applicable.

16    Further, the following definition should be added to the test of
17 official duties: the "excessive use of force in the pursuit of
18 official duty is not considered a good faith performance of official
19 duties." *United States v. Span*, 75 F.3d 1383, 1389 (9th Cir. 1996).
20 In Span, the Ninth Circuit stated that defense counsel should have
21 requested the above-stated instruction explaining excessive force to
22 be included within the definition of 18 U.S.C. § 111. In part because
23 counsel did not make such a request, the Ninth Circuit held that the
24 defense "lost" its opportunity to bring a theory of self-defense.  In
25 a nearly identical case in this District just a few weeks ago, the
26 Court added the above sentence in accordance with Ninth Circuit case
27 law.  *See United States v. Alexandria Augustine*, Case No. 2:25-CR-
28 678-KS, Dkt. No. 80, Instrs. Nos. 13 (C.D. Cal. Oct. 10, 2025).

Government Position

Contrary to defendant's summary statement otherwise, self-defense is <u>not</u> an element of the offense, but rather an additional set of elements the government has the burden of disproving.  <u>See,</u> Ninth Circuit Model Instruction 8.3 ("<u>In addition to proving all the elements</u> ..., the government must also [disprove self-defense.]") (emphasis added).  To even qualify for a self-defense instruction, defendant must first make a prima facie showing that there is sufficient evidence to support such a defense.  He has not made that showing here.  When all evidence demonstrates defendant was first to strike Officer L.R., defendant cannot be entitled to a self-defense instruction.  <u>See also</u> Government's <u>Motion in Limine</u> to Exclude Self-Defense (Dkt. 30).  To the extent the Court denies the government's motion, it should give a self-defense instruction separate from an instruction on the elements of the crime, as the Ninth Circuit itself proposes in its model instructions.  <u>See</u> Ninth Circuit Model Instruction Nos. 8.2 and 8.3.

Further, a definition on the meaning of "official duties" is not appropriate on the facts here.  There is no dispute in this case that Officer L.R. was engaged in his official duties at the time he was assaulted and further instruction on the subject would only create confusion or mislead the jury.  And, to be clear, there is no evidence Officer L.R. violated internal policy or procedure or used excessive force on defendant such that the language defendant proposes is even applicable to the facts the jury will hear.  Should the Court be inclined to give an instruction on official duties, however, the Court should also instruct the jury that "official duties" does not require compliance with employer policies

and procedures, or laws and regulations just as a court recently did

in this District in United States v. Baca:

> "An officer is engaged in the performance of 'official
> duties' if the officer is acting within the scope of his
> employment, in contrast to engaging in a 'personal frolic.'
> Evidence that an officer may not have followed certain
> rules of his employment does not by itself establish that
> his actions were a 'personal frolic.'"

Case No. 5:24-cr-00133-JAK, Instrs. Nos. 12 (C.D. Cal. Oct. 23,

2025). Ninth Circuit case law makes clear that the fundamental issue

is whether the officer was doing what he was employed to do, as

opposed to engaged in a purely personal activity or "frolic" that is

unrelated to his employment. United States v. Juvenile Female, 566

F.3d 943, 950 (9th Cir. 2009). And the Ninth Circuit specifically

states that the issue is not whether the officer was abiding by laws

and regulations, such as operating procedures, or doing a specific

function in his job description. United States v. Ornelas, 906 F.3d

1138, 1149 (9th Cir. 2018).

United States v. Spears, F.2d. 114, 117 (9th Cir. 1980) is

instructive. In Spears, the Ninth Circuit held that even though a

Forest Service employee drank whiskey with the defendant, took off

his uniform, and got into defendant's raft on the lake, he was still

engaged in his official duties. Id. at 117. The Ninth Circuit

explained that even though his "methods ... may have been unwise," he

was attempting to perform his job by persuading the defendant to

comply with forest service regulations. F.2d. 114, 117 (9th Cir.

1980). The Ninth Circuit noted that the "principal purpose" of

including forest rangers within the protection of § 111 was to

discourage the exact type of assault that defendant committed. Id.

The Ninth Circuit also makes clear that violating a law or

40

regulation, such as an internal policy, does not somehow mean that an employee is no longer acting in the scope of his employment.  <u>See</u> <u>United States v. Ornelas</u>, 906 F.3d 1138, 1149 (9th Cir. 2018) (holding that the question was not "whether the officer is abiding by laws and regulations in effect at the time of the incident" or "whether the officer is performing a function covered by his job description"); <u>see also</u> <u>United States v. Lopez</u>, 710 F.2d 1071, 1074 (5th Cir. 1983) (holding that an officer is still engaged in the performance of his official duties, "even if effecting an arrest without probable cause ... provided he is not on a 'frolic of his own', and is protected from interference or assault.").

The Ninth Circuit makes clear that, in evaluating whether the federal employee was "engaged in official duties," the question is not whether the federal employee was violating some policy or regulation, or even whether he was doing something illegal.  Rather, the question is whether he was doing something within the scope of what he was hired to do (<u>i.e.</u>, was he working?), in contrast to whether he was doing some purely personal activity for his own benefit that was unrelated to his employment.

COURT'S INSTRUCTION NO. _____

DEFENSE PROPOSED INSTRUCTION NO. 27

The defendant has offered evidence of having acted in self-defense. Use of force is justified when a person reasonably believes that it is necessary for the defense of herself against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant did not act in reasonable self-defense.

Ninth Circuit Model Criminal Jury Instructions, Nos. 5.10 (2022 ed.) (Self-Defense) (only modification is to eliminate the portion concerning death or great bodily harm, as that is not an issue in this case)

42

1

<u>Defense Position</u>

2   The Court should give Model Jury Instruction 5.10—Self-Defense.

3   A defendant can bring a theory of self-defense against the use of

4   excessive force. In *United States v. Span*, 970 F.2d 573 (9th Cir.

5   1992), the Ninth Circuit held that Model Instruction 8.3--an

6   alternate self-defense instruction--"would be inappropriate in a case

7   where a defendant's theory of the case is self-defense against the

8   use of excessive force by a federal law enforcement officer." *Id.* at

9   577 (emphasis in original). In such cases, the model instruction for

10  self-defense, Model Instruction 5.10, should be used. *See id.*

11      In the commentary to Model Instruction 5.10, it states that for

12  self-defense claims involving excessive force, courts should look to

13  *United States v. Ornelas*, 906 F.3d 1138, 1147-48 (9th Cir. 2018).

14  *Ornelas*, like this case, involved a charge under 18 U.S.C. § 111 for

15  assault on a federal officer.  The *Ornelas* defendant, like Mr. Lopez,

16  pursued a theory that the officer used unlawful force on him, and the

17  defendant "acted in reasonable self-defense."  906 F.3d at 1146.  The

18  Court considered the proper jury instructions and affirmed that a

19  "general self-defense instruction," which mirrored the exact language

20  of what is now Model Instruction 5.10 (at that time it was numbered

21  6.8), was appropriate and adequately covered the self-defense theory

22  in the context of a federal officer.  *Id.* at 1146, 1148.

23      "Use of force is justified when a person reasonably believes

24  that it is necessary for the defense of oneself or another against

25  the immediate use of unlawful force." Ninth Cir. Model Jury

26  Instruction 5.10 (Self-defense). A defendant is entitled to this

27  instruction when "there is any foundation in the evidence, even

28  though the evidence may be weak, insufficient, inconsistent, or of

43

doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998). The Ninth Circuit recognizes "that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." Namely, " . . . a defendant must offer evidence to show: '(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.' " *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) (quoting *United States v. Urena*, 659 F.3d 903, 907 (9th Cir.2011) (quoting *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir.2006))); *See United States v. Celentano*, 126 F.4th 680, 687 (D.D.C. 2025) (stating that a jury "must evaluate the reasonableness of the defendant's belief based on what the defendant knew and what the defendant reasonably could have determined from the surrounding circumstances").

Mr. Lopez comfortably satisfies the low standard set by *Sanchez-Lima*, and the Court should permit him to present a self-defense claim and to have the jury instructed on self-defense law. The defense incorporates its in camera trial brief and its opposition to the government's motion in limine #1 to preclude self-defense. Evidence shows that Inspector Ranjo, the alleged victim, used unlawful force on Mr. Lopez. Therefore, the evidence will permit jurors to conclude that Mr. Lopez reasonably believed it was necessary to defend himself against Inspector Ranjo's immediate use of unlawful force. Mr. Lopez used no more force than reasonably necessary under the circumstances, as even Inspector Ranjo agrees that at most Mr. Lopez pushed him. Further, any force Mr. Lopez used to defend himself against Inspector

Ranjo was reasonable given that there were at least 7 other officers in riot gear present and surrounding him.

    This identical instruction was given in a nearly identical case just a few weeks ago.  *See United States v. Alexandria Augustine*, Case No. 2:25-CR-678-KS, Dkt. No. 80, Instrs. Nos. 14 (C.D. Cal. Oct. 10, 2025).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Government Position</u>

The government does not believe a self-defense instruction is appropriate in this case. <u>Government's Motion in Limine</u> to Exclude Self-Defense (Dkt. 30).

Should the Court give a self-defense instruction, it should use Model Instruction 8.3, not the generic self-defense instruction in Model Instruction 5.10.

Defendant's reliance on <u>Ornelas</u> is not convincing. In <u>Ornelas</u>, the defendant argued that he was entitled to the following jury instruction in an assault on a federal officer trial: "A person has a right to resist an officer who is using excessive force." 906 F.3d 1138, 1147 (9th Cir. 2018). The district court denied the instruction and instead gave the generic instruction defendant requests in this case (then Model Instruction No. 6.8). <u>Id.</u> The Ninth Circuit held that the generic self-defense instruction "adequately cover[ed] the excessive force theory of self-defense," not that it was necessarily the most appropriate instruction in an excessive use of force case. <u>Id.</u> at 1148. Indeed, the Ninth Circuit has also held that "the general self-defense instruction ... does not amount to a proposed instruction on the right to offer reasonable resistance to repel any excessive force used by federal law enforcement officers. <u>United States v. Span</u>, 970 F.2d 573, 578 (9th Cir. 1992). Model Instruction 8.2 lays out the elements of an assault on a federal officer charge. The immediately subsequent instruction, Model Instruction 8.3 identifies the appropriate self-defense instruction in an assault on a federal officer trial, with recommended modifications in the comments for an excessive use of force theory of self-defense. Defendant identifies no adequate

1   grounds for why the Court should deviate from the Ninth Circuit's

2   model.

COURT'S INSTRUCTION NO. _____

DEFENSE PROPOSED INSTRUCTION NO. 28

The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant struck L.R. on the bridge of his nose with his camera.


     [OR]


The government must prove beyond a reasonable doubt, with all of you agreeing, that the defendant shoved L.R. in the chest.

Ninth Circuit Model Criminal Jury Instructions, No. 6.27 (2022 ed.)

(Specific Issue Unanimity) (modified to facts of the case)

48

1

<u>Defense Position</u>

2    A specific unanimity instruction is required "if it appears that
3 there is a genuine possibility of jury confusion or that a conviction
4 may occur as the result of different jurors concluding that the
5 defendant committed different acts." *United States v. Gonzalez*,786
6 F.3d 714, 717 (9th Cir. 2015) (internal quotation marks omitted).
7 "To correct any potential confusion in such a case, the trial judge
8 must augment the general instruction to ensure the jury understands
9 its duty to unanimously agree to a particular set of facts." *United*
10 *States v. Echeverry*, 719 F.2d 974, 975 (9th Cir. 1983).

11    Here, based on the pretrial motions filed by the government in
12 this case, it is clear that the government is presented two sets of
13 facts as evidence of a single assault charge.  First, it contends
14 that Mr. Lopez assaulted L.R. by striking him on the bridge of his
15 nose with his camera.  (*See* Dkt. No. 30 at 2; Dkt. No. 31 at 1; Dkt.
16 No. 32 at 1.)  Second, it contends that Mr. Lopez assaulted L.R. by
17 shoving L.R. in the chest.  (*See* Dkt. No. 30 at 2; Dkt. No. 31 at 1;
18 Dkt. No. 32 at 1; Dkt. No. 35 at 3 ("The charged conduct involves
19 defendant's assault on a federal officer, specifically, striking FPS
20 Officer L.R. with a camera and pushing him in the chest outside the
21 Roybal Federal Building on August 8, 2025.").)

22    The government has improperly joined two separate acts into a
23 single count.  The indictment is thus duplicitous, and the government
24 must elect its conduct.  *See United States v. Aguilar*, 756 F.2d 1418,
25 1420 n.2 (9th Cir. 1985) ("Charging two offenses in one count of an
26 indictment is contrary to Rule 8(a) of the Federal Rules of Criminal
27 Procedure, which provides that an indictment contain 'a separate
28 count for each offense.'").  If the jury is not properly instructed,

49

some of the jury could convict based on the alleged camera strike to the nose, and others of the jury could convict based on the alleged shove.  Such a verdict would violate the principle of unanimity.

For these reasons, the government must elect the conduct it plans to present to the jury as evidence of the single count of the Indictment for assault, to ensure that the defendant is on notice against what act it must defend.  *Id.* at 1402 n.2 (Duplicitous charges breach a defendant's Sixth Amendment right to knowledge of the charges against him, and could "eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted.").  Once the government elects its conduct, the jury must be instructed that they must unanimously find that conduct occurred beyond a reasonable doubt.  Because both the alleged camera touch and the alleged shove will be described to the jury through witness testimony and video evidence, the jury will be confused as to which of these acts are the charged conduct.  A unanimity instruction ensures a verdict that does not violate Mr. Lopez' Fifth and Sixth Amendment rights.

1

Government Position

2    The facts of this case do not require a specific unanimity

3 instruction.  United States v. Feldman, 852 F.2d 648, 653 (9th Cir.

4 1988) ("A specific instruction on unanimity is required where it

5 appears that a conviction might rest upon different jurors having

6 found the existence of different facts, where the complex nature of

7 the evidence, a discrepancy between the evidence and the indictment,

8 or some other particular factor creates a genuine possibility of

9 juror confusion.").  The Court's general unanimity instruction is

10 sufficient to instruct the jury on their obligation to reach a

11 unanimous verdict.

12    Contrary to defendant's position, the government does not need

13 to elect which strike on Officer L.R. it intends to argue at trial

14 and the Court need offer no further instruction on unanimity.  United

15 States v. Sanchez is instructive and controlling here.  914 F.2d 1355

16 (9th Cir. 1990).  In Sanchez, the Ninth Circuit considered an appeal

17 from conviction on a single-count indictment for assault on a federal

18 officer with a deadly and dangerous weapon.  Id. at 1357.  Defendant

19 was convicted after he struck a Border Patrol Agent with his car, did

20 doughnuts and, after the agent radioed for help and attempted to

21 approach defendant's car again on foot, struck the officer a second

22 time.  Defendant then got out of his vehicle and struck the officer

23 in the chest with his hand.  Id.  The district court gave a general

24 unanimity instruction and defendant argued on appeal that the court

25 should have given a specific unanimity instruction.  Id. at 1360.

26 Specifically, he argued -- like defendant does here -- that the jury

27 might have found him guilty on multiple strikes and that the court

28 should have told the jury they needed to be unanimous on which strike

51

constituted the assault.  The Ninth Circuit disagreed, holding that where the evidence at trial was focused on the two assaults with the deadly weapon (i.e., the two car strikes), there was no risk of the jury being confused as to which facts of assault the government was relying on.  Id.  The Ninth Circuit did not find that the government was required to elect just one of the two vehicle strikes as the assaultive conduct nor did it find that the two vehicle strikes, separated by more time and conduct than the strikes at issue here, mandated a specific unanimity instruction.

And that makes good sense.  When someone assaults another person, each punch or strike does not need to be charged individually.  Multiple strikes can make up a single assault.  The government's theory in this case is that defendant first struck L.R. with his camera and then with his hand, constituting a single continuous assault.  This theory neither demands the government limit its evidence to one strike nor that a specific unanimity instruction is warranted.

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 29

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to
deliberate with one another with a view towards reaching an agreement
if you can do so.  During your deliberations, you should not hesitate
to reexamine your own views and change your opinion if you become
persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)
[Duty to Deliberate]

1  COURT'S INSTRUCTION NO. _____

2  JOINT PROPOSED INSTRUCTION NO. 30

3  Because you must base your verdict only on the evidence received

4  in the case and on these instructions, I remind you that you must not

5  be exposed to any other information about the case or to the issues

6  it involves.  Except for discussing the case with your fellow jurors

7  during your deliberations:

8  Do not communicate with anyone in any way and do not let anyone

9  else communicate with you in any way about the merits of the case or

10  anything to do with it.  This restriction includes discussing the

11  case in person, in writing, by phone, tablet, computer, or any other

12  means, via email, text messaging, or any Internet chat room, blog,

13  website or any other forms of social media.  This restriction applies

14  to communicating with your family members, your employer, the media

15  or press, and the people involved in the trial.  If you are asked or

16  approached in any way about your jury service or anything about this

17  case, you must respond that you have been ordered not to discuss the

18  matter and to report the contact to the court.

19  Do not read, watch, or listen to any news or media accounts or

20  commentary about the case or anything to do with it; do not do any

21  research, such as consulting dictionaries, searching the Internet or

22  using other reference materials; and do not make any investigation or

23  in any other way try to learn about the case on your own.

24  The law requires these restrictions to ensure the parties have a

25  fair trial based on the same evidence that each party has had an

26  opportunity to address.  A juror who violates these restrictions

27  jeopardizes the fairness of these proceedings, and a mistrial could

28  result that would require the entire trial process to start over. If

55

any juror is exposed to any outside information, please notify the
court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)
[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.)

[Use of Notes]

57

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.)

[Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.)

[Verdict Form]

59

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.)

[Communication with Court]

60