BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
ERIC L. MACKIE (Cal. Bar. No. Pending)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6159 / -3289
     Facsimile: (213) 894-0141
     Email:    Rahul.Hari@usdoj.gov
               Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00705-MEMF |
|---|---|
| Plaintiff, | GOVERNMENT TRIAL MEMORANDUM |
| v. | Hearing Date: Nov. 5, 2025 |
| ISAIAS LOPEZ, | Hearing Time: 3:00 p.m. |
| | Location:   Courtroom of the Hon. |
| Defendant. | Maame Ewusi-Mensah |
| | Frimpong |

       Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Rahul R.A. Hari and Eric L. Mackie, hereby files its Trial Memorandum.

Dated: October 30, 2025                 Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                              /s/
                                        _____
                                        ERIC L. MACKIE
                                        RAHUL R.A. HARI
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Defendant ISAIAS LOPEZ ("defendant") will soon stand trial for assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). The offense is a felony, as the evidence will show that defendant intentionally and forcibly made physical contact with a federal officer engaged in the performance of his official duties.

This is a straightforward case.  On the evening of August 8, 2025, defendant approached the Roybal Federal Building and U.S. Courthouse in downtown Los Angeles, where Federal Protective Service ("FPS") officers were stationed to protect federal personnel and property.  Ignoring repeated instructions to remain off restricted federal property, defendant entered the loading-dock area holding a professional-style camera and began aggressively confronting the officers assigned there.  Defendant moved within inches of FPS Inspector L.R., pressed his camera toward the inspector's face, and struck him on the bridge of the nose with the camera lens.  When Inspector L.R. pushed the defendant's arm away and instructed him to step back, defendant shouted "fuck you" and shoved the inspector in the chest.

The assault was captured on video and corroborated by multiple law-enforcement witnesses.

Trial is set to commence on November 10, 2025, at 8:30 a.m. before this Court.

**II.  Length of Trial and Number of Witnesses**

<u>Government Case</u>: The government estimates that presentation of its case-in-chief will take approximately two hours, not including

defense's cross-examination.  The government currently anticipates calling the following five witnesses in its case-in-chief[1]:

- FPS Inspector L.R. (victim)
- FPS Inspector William Terpstra
- FPS Inspector Gary Wilson

Government Exhibits: The government will seek to admit approximately 15-20 exhibits, which primarily include videos of the assault, still photos from the videos, photographs of the victim, and the camera defendant used to assault Inspector L.R.

Defense Case: The defense case appears to center around making this a trial about an unsupported self-defense theory and what happened after defendant's assault of Inspector L.R. – i.e., when defendant was arrested.

## III. THE ELEMENTS OF THE CRIME

Defendant is charged with assault on a federal officer in violation of 18 U.S.C. § 111(a)(1).

### A.    Elements of the Offense

To prevail, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant forcibly assaulted L.R.; and

Second, the defendant assaulted L.R. while L.R. was engaged in, or on account of, his official duties. Ninth Cir. Model Jury Instructions 8.1 (2022 ed.).

### B.    "Forcible Assault" Explained

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another,

---

[1] The government reserves the right to call additional witnesses in either its case-in-chief or rebuttal case (if any).

or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.  Ninth Cir. Model Jury Instructions 8.1 (2022 ed.).

### C. Mens Rea

Section 111 is a general intent crime in the Ninth Circuit, and no intent to injure is required to prove this offense.  <u>United States v. Sanchez</u>, 914 F.2d 1355, 1358 (9th Cir. 1990).

### D. Self-Defense Elements, If Applicable

It is a defense to the charge if (1) defendant did not know that L.R. was a federal officer, (2) defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force, and (3) defendant used no more force than appeared reasonably necessary in the circumstances.  <u>See</u> Ninth Cir. Model Jury Instructions 8.3 (2022 ed.).

If defendant makes a prima facie showing of all three elements and is permitted to make a self-defense argument, the government must additionally prove at trial: (1) defendant knew that L.R. was a federal officer, (2) defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) defendant used more force than appeared reasonably necessary in the circumstances. <u>See</u> id.

The government has moved to exclude any evidence or argument related to self-defense. (See Dkt. 30.)  The motion is pending.

## IV. PRETRIAL MOTIONS

1.   <u>Government Motions</u>

Government Motions:

- (1) Motion to Preclude Self-Defense Arguments (Dkt. 30).

- (2) Motion to Preclude Any Reference to, Testimony Regarding, or Argument that Defendants Conduct Was Protected by The First Amendment (Dkt. 31).

- (3) Motion to Preclude Irrelevant and Prejudicial Evidence Regarding Defendant's Arrest (Dkt. 32).

- (4) Motion to Preclude Jury Nullification Evidence or Argument (Dkt. 34).

- (5) Motion Exclude Defendants Other Protest Footage (Dkt. 35).

2.    <u>Defense Motions</u>

<u>Defense Motions</u>:

- (1) Motion Requesting In Camera Review of Henthorn and Sworn Declaration of Compliance (Dkt. 36).

- (2) Motion to Exclude Inflammatory Language and the Actions of Non-Parties (Dkt. 37).

- (3) Motion to Compel Use of Force Materials (Dkt. 38).

**V.    LEGAL AND EVIDENTIARY ISSUES**

**A.    Photographs and Video Surveillance**

The government intends to introduce photographs and video footage at trial.  Admitting a photograph or video into evidence requires that the proponent meet only a very low hurdle.  "Under the Federal Rules, the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question." <u>People of Territory of Guam v. Ojeda</u>, 758 F.2d 403, 408 (9th Cir. 1985) (interpreting Fed. R. Evid. 901(b)(1)).  The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence." <u>United States v. May</u>, 622 F.2d 1000, 1007 (9th Cir. 1980).

4

Photographs and videos should be admitted so long as they fairly and accurately represent the event or object in question.  See United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978).  Notably, "the witness who lays the authentication foundation need not be the photographer, nor need the witness know anything of the time, conditions, or mechanisms of the taking of the picture."  32 McCormick on Evid. § 215 (7th ed.).  Rule 901(a) simply requires that a proponent of evidence make a prima facie showing of authenticity so that a reasonable juror could find "that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).

### B.    Lay Testimony

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue."  United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted).  The government anticipates eliciting testimony from its witnesses that defendant's strike of L.R. with his camera and push were intentional – as opposed to an accident or a mere brush – based on defendant's observable traits, including his demeanor, body movements, and the nature of the strike itself.

### C.    Defendant's Statements

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against her; a defendant may not elicit his own prior statements.  See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (per curiam).  To permit otherwise would place a defendant's statements "before the

jury without subjecting [herself] to cross-examination, precisely what the hearsay rule forbids." United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (holding that the district court properly barred defendant from seeking to introduce his exculpatory post-arrest statements through cross-examination of government agent); United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross examination.").

When the government admits some of a defendant's prior statements, the door is not thereby opened to the defendant to put in all of his out-of-court statements. This is because, when offered by defendant, the statements are still inadmissible hearsay. See Fed. R. Evid. 801(d)(2); see also United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (defendant's exculpatory statement inadmissible when offered by defense).

Similarly, a defendant's exculpatory statements are not admissible under Federal Rule of Evidence 106, the "rule of completeness." Evidence that is inadmissible is not made admissible by invocation of the "rule of completeness." See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admissible notwithstanding Rule 106). As the Ninth Circuit noted in Ortega, a defendant's non-self-inculpatory statements are inadmissible hearsay even if they were made contemporaneously with other self-inculpatory statements. Ortega, 203 F.3d at 682 (citing Williamson v. United States, 512 U.S. 594, 599 (1994)). The "rule of completeness" may require that all of a defendant's prior statements be admitted only

6

1  where it is necessary to explain an admitted statement, to place it
2  in context, or to avoid misleading the trier of fact.  See, e.g.,
3  United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).  The doctrine
4  does not, however, require introduction of portions of a statement
5  that are neither explanatory of, nor relevant to, the admitted
6  passages.  See Ortega, 203 F.3d at 682-683; Marin, 669 F.2d at 84.
7  The burden is on the defendant to identify a basis for admitting
8  additional portions of the defendant's prior statement.  United
9  States v. Branch, 91 F.3d 699, 729 (5th Cir. 1996).

10        The government will be admitting statements made by defendant.
11  A defendant's out-of-court statement is admissible if offered against
12  him by the government.  Fed. R. Evid. 801(d)(2)(A).

13        **D.    Scope of Cross-Examination of Defendant**

14        If the defendant testifies at trial, he waives his right against
15  self-incrimination, and the government will cross-examine him on all
16  matters reasonably related to the subject matter of his testimony.
17  See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The
18  defendant cannot assert a self-incrimination privilege 'on matters
19  reasonably related to the subject matter of his cross-
20  examination.'"); United States v. Black, 767 F.2d 1334, 1341 ("What
21  the defendant actually discusses on direct does not determine the
22  extent of permissible cross-examination or his waiver. Rather, the
23  inquiry is whether 'the government's questions are reasonably
24  related' to the subjects covered by the defendant's testimony.")
25  (internal quotations and citation omitted).

26        The scope of cross-examination is within the discretion of the
27  trial court.  Fed. R. Evid. 611(b).  The defendant has no right to
28  avoid cross-examination on matters that call into question his claim

1  of innocence.  <u>United States v. Mehrmanesh</u>, 682 F.2d 1303, 1310 (9th

2  Cir. 1982); <u>United States v. Miranda-Uriarte</u>, 649 F.2d 1345, 1353-54

3  (9th Cir. 1981).  The government, however, may introduce evidence

4  should defendant "open the door." <u>See</u> <u>United States v. Alexander</u>, 48

5  F.3d 1477, 1488 (9th Cir. 1995), as amended on denial of reh'g (Apr.

6  11, 1995) ("When a defendant takes the stand and denies having

7  committed the charged offense, he places his credibility directly at

8  issue.").

9      **E.  Affirmative Defenses and Reciprocal Discovery**

10         Defendant has not given notice of his intent to rely on any

11  defense of entrapment, mental incapacity, alibi, or any other

12  affirmative defense outside of self-defense, despite the government's

13  request for such notice of intent.  Therefore, to the extent

14  defendant may attempt to rely on such a defense, the government

15  reserves the right to object and to move to preclude the defendant

16  from asserting such a defense.  The subject of self-defense is

17  currently being litigated before this Court.

18         Rule 16 of the Federal Rules of Criminal Procedure creates

19  certain reciprocal discovery obligations on the part of defendants to

20  produce three categories of materials that they intend to introduce

21  as evidence at trial: (1) documents and tangible objects; (2) reports

22  of any examinations or tests; and (3) expert witness disclosure.

23  Rule 16 imposes on defendants a continuing duty to disclose these

24  categories of materials.  Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C),

25  and (c).  In those circumstances where a party fails to produce

26  discovery as required by Rule 16, the rule empowers the district

27  court to "prohibit that party from introducing the undisclosed

28  evidence," or it may "enter any other order that is just under the

circumstances." Fed. R. Crim. P. 16(d)(2)(C) and (D). To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded. See Taylor v. Illinois, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

If defendant serves defense discovery on the government mid-trial, the government further seeks leave from the Court to have adequate time to review the provided discovery, run necessary criminal background checks, and request offers of proof from the defense as to any previously undisclosed witnesses.

To date, defendant has produced no reciprocal discovery.

**F.    Jury Nullification**

The government also reserves the right to object to any evidence and/or argument introduced for the purpose of jury nullification, including concerning punishment, the actions of law enforcement both after defendant's arrest and at other protest events, or national immigration policy and its effect on the community and/or individuals. A defendant has no right to present evidence relevant only to such a defense. United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1992); Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged.").