CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
KYRA NICKELL (Bar No. 328816)
(E-Mail: kyra_nickell@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ISAIAS LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISAIAS LOPEZ, <br><br> Defendant. | Case No. 2:25-cr-00705-MEMF <br><br> **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE** <br><br> Hearing Date: November 5, 2025 <br> Hearing Time: 3:00 p.m. <br> Hon. Maame Ewusi-Mensah Frimpong |

Defendant Isaias Lopez, by and through his undersigned counsels of record, Rebecca M. Abel and Kyra Nickell, hereby opposes the government's motion *in limine* to preclude self-defense.

This motion is based on the attached memorandum of points and authorities, the attached exhibits, all files and records in this case, and any argument presented at any hearing on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 30, 2025    By  /s/ *Kyra Nickell*
REBECCA M. ABEL
KYRA NICKELL
Deputy Federal Public Defenders
Attorney for ISAIAS LOPEZ

2

# MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION

"The prima facie burden [to raise a theory of self-defense] is not a high one." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (finding that a defendant is entitled to this instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility."). The evidence in this case more than exceeds this low threshold. Mr. Lopez can establish that he has a viable theory of self-defense because Inspector Ranjo engaged in an excessive use of force. *See* 9th Cir. Model Jury Instructions 5.10, 8.3. The Court should therefore deny the government's motion, allow Mr. Lopez to present such a defense, and permit the jury to resolve this factually laden dispute.

## II. LEGAL STANDARD

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States,* 485 U.S. 58, 63 (1988); *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (2012) ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." (internal citation omitted)). "The legal standard is generous [because] a defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility. A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) (quoting *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007)). "If there are factual disputes in the record, the court is not permitted to weigh the evidence, make credibility determinations, or resolve conflicts in the proof. If the parties argue competing inferences, the court must draw all reasonable inferences in favor of the defendant's [defense] theory." *United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) (internal quotation marks omitted) (emphasis added); *United States v. Butler*,

1

2025 WL 621892, at *9 (N.D. Cal. Feb. 26, 2025) ("In making this determination about the adequacy of the *prima facie* case [for self-defense], the evidence is 'construed in the light most favorable' to the defendant." (quoting *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023))). Thus, when a court considers the sufficiency of a self-defense defense, it "must accept [the defendant's] proffer as true in its entirety." *Kuok*, 671 F.3d at 947.

"[F]or purposes of Section 111, . . . [an] individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) ("[T]he model instruction [8.3] would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer."). To offer an excessive force self-defense, a defendant need only offer some—even weak, inconsistent, or insufficient—evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *Acosta-Sierra*, 690 F.3d at 1126 (internal quotation omitted); *United States v. Burleson*, No. 17-10319, 2023 WL 5275176, at *4 (9th Cir. Aug. 16, 2023) (repeating the standard); *Span*, 970 F.2d 580 (noting that an individual has a right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). These are the same elements applicable in a "general self-defense instruction." *United States v. Ornelas*, 906 F.3d 1138, 1146-48 (9th Cir. 2018).

The defendant does **not** need to demonstrate that the force was excessive as a matter of law. Unlike in the civil context, whether the force was unlawful is judged from the perspective of the defendant, **not** from the perspective of an officer. *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another improperly required the jury to consider the use of

2

force from a reasonable officer's perspective, rather than from Celentano's perspective.") For a pretrial offer of proof, there need only be some evidence from which a jury could "find that the defendant actually and reasonably believed the officer was using excessive force." *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) (citing and relying on *Acosta-Sierra*, 690 F.3d at 1126). The only limitation is that "an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault." *Acosta-Sierra*, 690 F.3d at 1126.

For the reasons stated below and in the concurrently filed *in camera* Trial Brief, Mr. Lopez meets the incredibly low threshold for a theory of self-defense.

### III.  ARGUMENT

The anticipated evidence at trial meets the low threshold required for Mr. Lopez to present a self-defense theory of the case. The Court should not preclude this defense at this stage of the trial, and the jury should be instructed accordingly if Mr. Lopez raises a theory of self-defense. Failing to instruct on self-defense when there is any evidence to support it is reversible error. *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001).

**A.   Nothing Requires Mr. Lopez to Make an Offer of Proof to the Government and the Government's Response to Mr. Lopez's Proffered Evidence Is Irrelevant to the Court's Analysis.**

Mr. Lopez is required to make an offer of proof for self-defense to the Court, not the government. *See United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006); *see also United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003) ("On appeal, as in the district court, the government has the right to argue for exclusion of the entrapment defense but, as in the district court, the only evidence it will ordinarily be able to refer to is evidence that it may have filed in support of its own motion to exclude and whatever other unsealed evidence may already be before the court."). Any response the government may have to Mr. Lopez's offer of proof is not relevant to the Court's analysis. *See United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) ("If the

3

parties argue competing inferences, the court must draw all reasonable inferences in favor of the defendant's [defense] theory." (emphasis added); *Kuok*, 671 F.3d at 947 ("[A court] must accept [the defendant's] proffer as true in its entirety."); *Butler*, 2025 WL 621892, at *9 (holding a defendant met his low burden to establish a prima facie case for self-defense and explaining that, for a "*prima facie* case [of self-defense], the evidence is 'construed in the light most favorable' to the defendant" (quoting *Ehmer*, 87 F.4th at 1130))). That is because the Court must draw *every* reasonable inference in favor of Mr. Lopez. *Id.*

Mr. Lopez is not required to reveal every detail of his theory of defense to the government, and courts have long considered offers of proof made *in camera*. *See, e.g., Gurolla*, 333 F.3d at 953 (reviewing offer of proof on entrapment defense); *United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made *in camera* by defendant's counsel below); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing oral and written offers of proof made *in camera* below). Accordingly, for the reasons stated in the defense's *in camera* Trial Brief ("Trial Brief"), the Court should hold that Mr. Lopez made a sufficient showing as to self-defense and permit Mr. Lopez to raise it at trial if he chooses to do so.

**B.     There Is Sufficient Evidence From Which a Jury Could Conclude Inspector Ranjo Used Excessive Force.**

To bring a theory of self-defense against a charge of assault of a federal employee, Mr. Lopez can establish that United States Federal Protective Services ("FPS") Inspector Leo Ranjo used excessive force against him.

Inspector Ranjo admits in his own signed report that he used force against Mr. Lopez. Exh. A. He admits that Mr. Lopez was holding a "professional-grade camera" near another Inspector. Inspector Ranjo stepped in front of Mr. Lopez and "used [his] right hand to push [Mr. Lopez's] left arm back" and "remove the camera from [Inspector Ranjo's] face." Exh. A.

4

In the position of Mr. Lopez, he was taking pictures of officers who were responding to a protest outside of the Roybal building. Suddenly, Inspector Ranjo approached him and pushed his arm and his camera. The government appears to claim that he did so because Mr. Lopez's camera made contact with Inspector Ranjo's nose. But, that is a question of fact for the jury, and not clearly visible in any of the footage produced by the government. *See Chi Tong Kuok*, 671 F.3d at 947 ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law.").

The fact that Inspector Ranjo used sufficient force on Mr. Lopez to push down Mr. Lopez's arm and camera, when he was merely photographing the protest, is sufficient for a jury to rationally conclude that Mr. Lopez "actually and reasonably believed [Inspector Ranjo] was using excessive force." *Celentano*, 126 F.4th at 687.

**C.  There is Sufficient Evidence from Which a Jury Could Conclude Mr. Lopez Believed He Needed to Defend Himself Against Inspector Ranjo's Use of Unlawful Force.**

Mr. Lopez needs to establish only that a reasonable jury *could* find that he had a "reasonable belief that the use of force was necessary to defend [herself] against the immediate use of unlawful force." *See* 9th Cir. Model Instructions Nos. 5.10; *Acosta-Sierra*, 690 F.3d at 1126. In assessing reasonableness of a defendant's belief, it "is not assessed in the abstract. Rather, any assessment of the reasonableness of a defendant's actions must take into account the defendant's particular circumstances, at least to a certain extent." *United States v. Lopez*, 913 F.3d 807, 819-20 (9th Cir. 2019) (internal quotation omitted). When assessing the reasonableness of Mr. Lopez's actions in this case, his individual characteristics contribute to his state of mind and the reasonableness of his actions. *See United States v. Saenz*, 179 F.3d 686, 689 (9th Cir. 1999) (reversing conviction where district court improperly excluded evidence relating to defendant's state of mind for purpose of his self-defense theory). A jury could

5

1 consider any, or all, of these factors when determining Mr. Lopez's state of mind to
2 find that he had a reasonable belief that using force was necessary.
3       Mr. Lopez was at the Roybal Federal Building on August 8, 2025 to observe and
4 photograph the protestors and the officers' responses to protestors. While doing so, he
5 was attacked by Inspector Ranjo, who hit him and Mr. Lopez's "professional-grade
6 camera." *See* Exh. A. Mr. Lopez was unarmed. He was approached by an angry and
7 agitated officer, who hit him. Mr. Lopez was trapped between the demonstrators behind
8 him, Inspector Ranjo in front of him, and seven Inspector Ranjo's fellow officers
9 surrounding them. At that moment, Mr. Lopez had no guarantee that Inspector Ranjo's
10 force would remain limited; to the contrary, Inspector Ranjo continued to approach Mr.
11 Lopez while at least seven other officers (who were equipped with riot gear, firearms
12 and tasers, and some of whom carried large yellow, pepper ball guns) surrounded them.
13 According to the government, Mr. Lopez, while continuing to back up, pushed
14 Inspector Ranjo back. Mr. Lopez was creating distance between himself and Inspector
15 Ranjo to defend himself against an immediate and unlawful use of excessive force.
16 Given Inspector Ranjo's demeanor—his hostile approach, aggressive posture, and
17 willingness to hit Mr. Lopez and his camera just a second earlier—it was entirely
18 reasonable for Mr. Lopez to believe he was about to be subjected to additional harm.
19       Because the threshold is so low for a theory of self-defense, and because all
20 inferences must be drawn in his favor, Mr. Lopez has made a sufficient showing—both
21 here and in his Trial Brief—that Mr. Lopez had a "reasonable belief that the use of
22 force was necessary to defend [himself] or another against the immediate use of
23 unlawful force." Ninth Cir. Model Instructions No. 5.10.

24 **D.**    **Mr. Lopez Did Not Use More Force Than Necessary.**
25       Evidence in this case supports that, if Mr. Lopez used any force against Inspector
26 Ranjo, he did not use any more force than necessary. Mr. Lopez can meet his burden on
27 this final prong for a theory of self-defense. *See* 9th Cir. Model Instructions Nos. 5.10.
28

The government puts forth two different theories of assault. First, the government claims Mr. Lopez "jerked his camera into Officer L.R.'s face." Dkt. 30 at 4. The defense disputes this occurred, or that it constituted an assault. The alleged injury to Inspector Ranjo appears to also be consistent with a facial blemish or from the use of eye protection. *See* Exh. B. Second, the government claims that Mr. Lopez "pushed Officer L.R. in the chest." Dkt. 30 at 5. The government does not claim that Inspector Ranjo sustained any injuries due to the push that Mr. Lopez allegedly delivered. Notably, even under the government's theory, Mr. Lopez did not advance on Inspector Ranjo or escalate the situation. To the contrary, the video evidence demonstrates that at the time of the alleged push, Mr. Lopez was backing up.[1] Inspector Lopez was advancing on him. At most, Mr. Lopez' responsive force was equivalent to the force used by Inspector Ranjo in hitting him and knocking down his camera. He sought only to protect himself from the aggression of Inspector Ranjo. The force used was necessary given the circumstances. It is hard to imagine what less he could have done in these circumstances.

For these reasons, and the reasons stated in the defense's Trial Brief, Mr. Lopez has made a prima facie showing that he did not use more force than was necessary, and the Court should not exclude a self-defense defense at this stage.

## IV.  CONCLUSION

Mr. Lopez can meet the incredibly low threshold burden for a prima facie showing of the elements of self-defense. The Court should deny the Government's Motion *In Limine* No. 1 and refuse to exclude a theory of self-defense at trial.

                                      Respectfully submitted,

                                      CUAUHTEMOC ORTEGA
                                      Federal Public Defender

DATED: October 30, 2025        By  */s/ Kyra Nickell*

---

[1] https://www.youtube.com/watch?v=Su6b3UMYTms at 00:00 to 00:15.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REBECCA M. ABEL
KYRA NICKELL
Deputy Federal Public Defenders
Attorney for ISAIAS LOPEZ