1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              Case No.: 2:25-cr-00705-MEMF

12                        Plaintiff,        **ORDER ON MOTIONS IN LIMINE [DKT.
                                            NOS.  30–32, 34–37]**
13              v.

14

15   ISAIAS LOPEZ,

16                        Defendant.

17

18

19

20

21          Before the Court are two (2) Motions in Limine filed by Defendant Isaias Lopez, Dkt Nos.

22   36–37, and five (5) Motions in Limine filed by the United States ("Government"), Dkt Nos. 30–32,

23   34–35. **The Court has not considered any in camera filings in deciding these motions.** For the

24   reasons stated herein, the Court rules on the motions as described below.

25

26   / / /

27   / / /

28   / / /

# I.  **Background**

## A.  **Factual Background**

The Government alleges that on August 8, 2025, protestors gathered at the Roybal Federal Building and Courthouse in downtown Los Angeles. Dkt. No. 1 ("Compl.") ¶ 5(a). Various entrances to Roybal indicated that it is a federal building, such as the side of the building facing Temple Street which states "Edward R. Roybal Federal Building." Compl. ¶ 5(b). The protestors, however, remained present near the building's loading dock along Alameda Street. Dkt. No. 30 ("Pl.'s Mot. in Limine No. 1") at 2. Federal Protective Service ("FPS") officers were present and allegedly instructed protestors, including Lopez, not to enter or remain on federal property. *Id.*

The Government alleges that at approximately 8:08 p.m., Lopez stepped onto the Roybal loading dock area holding a black camera. Compl. ¶ 5(c). Although Lopez was told to move back, he allegedly did not do so; instead, he pushed his camera into the face of one FPS inspector. *Id.* Numerous FPS inspectors allegedly pushed Lopez into the crowd, aiming to detain him. *Id.* While attempting to move Lopez, Lopez and two inspectors allegedly fell to the ground. *Id.* As officers attempted to get Lopez to his feet, he allegedly began walking towards the inspector who he had previously hit on the nose with his camera, briefly placing his face against the inspector's nose. *Id.* 5(d). As a response, the inspector allegedly used his right hand to redirect Lopez's face away for safety. *Id.*

Lopez then allegedly yelled, "fuck you," and pushed Officer L.R. in the chest. Pl.'s Mot. In Limine No. 1 at 3. The alleged assaultive conduct occurred within seconds. Dkt. No. 32 ("Pl.'s Mot. in Limine No. 3") at 2.

The Government alleges that only after Lopez's assault did FPS officers attempt to restrain and arrest him, and that Lopez resisted. *Id.* The subsequent takedown—during which multiple officers brought Lopez to the ground—occurred after the charged assaultive conduct had ended. *Id.*

## B.  **Procedural History**

The Government initiated this action on August 8, 2025. The Complaint brings forth one cause of action for: (1) violation of 18 U.S.C. § 111(a)(1) - Assault on a Federal Officer. *See generally* Compl. On August 13, 2025, Lopez's bond and conditions of release were filed. Dkt No.

12. On September 9, 2025, Lopez was arraigned, where he pleaded not guilty. On October 2, 2025, a the Court held a status conference.

The Government filed motions in limine on October 27, 2025. Dkt. Nos. 30–32, 34–35. Lopez filed his own motions in limine the same day. Dkt. Nos. 36–37. On October 30, 2025, Lopez filed oppositions to the Government's motions in limine. Dkt. Nos. 42–44. 54–55. That same day, the Government filed oppositions to Lopez's motions in limine. Dkt. Nos. 48–49. A hearing on the motions in limine was conducted before this Court on November 5, 2025.

## II.   Applicable Law

### A.  Motions in Limine

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion in limine to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion in limine, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

### B.  Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 402 explicitly prohibits the inclusion of "irrelevant" evidence. Fed. R. Evid. 402. The Rule dictates that "[r]elevant evidence is admissible unless any of the following provides other: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Federal Rule of Evidence 401 prescribes what evidence qualifies as relevant. Fed. R. Evid. 401. It provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* 401(a)–(b); *see also Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("Deciding whether a fact is of consequence in determining the action generally requires

considering the substantive issues the case presents." (internal quotation marks omitted)). Courts have recognized that Rule 401's "basic standard of relevance . . . is a liberal one." *Crawford*, 944 F.3d at 1077.

### C.  Federal Rule of Evidence 403

Federal Rule of Evidence 403 dictates that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 US 379, 384 (2008) (finding "wide discretion" necessary because Rule 403 "requires an on–the–spot balancing of probative value and prejudice, potentially to exclude . . . evidence that already has been found to be factually relevant") (internal quotes omitted); *see also Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2834 (2022) ("A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case–by–case determinations, requiring examination of the surrounding facts, circumstances, and issues.").

### D.  Federal Rule of Evidence 701

Under Federal Rule of Evidence 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. "Rule 701(a) contains a personal knowledge requirement." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). "In presenting lay opinions, the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation." *Lopez*, 762 F.3d at 864.

The opinion testimony of lay witnesses must be "predicated upon concrete facts within their own observation and recollection—that is facts perceived from their own senses, as distinguished

from their opinions or conclusions drawn from such facts." *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (quoting *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982)). Accordingly, "[a] lay witness's opinion testimony necessarily draws on the witness's own understanding, including a wealth of personal information, experience, and education, that cannot be placed before the jury." *United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). But a lay opinion witness "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements." *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

### III.   <u>Discussion</u>

The Government moves to exclude at trial: (1) a defense of self-defense, Dkt. No. 30, (2) any reference to, testimony regarding, or argument that Lopez's conduct was protected by the First Amendment, Dkt. No. 31, (3) irrelevant and prejudicial evidence concerning Lopez's arrest, including the officers' takedown of Lopez after the alleged assault, Dkt. No. 32, (4) evidence, testimony, or argument that challenges or critiques current United States immigration policy, Dkt. No. 34, and (5) Lopez's other protest footage unrelated to the charged assault, Dkt. No. 35.

Lopez moves to include at trial: (1) government witnesses' personnel files and criminal history, Dkt. No. 36, and (2) inflammatory language and the actions of non-parties, Dkt. No. 37.

The Court's rulings are set forth below. The parties are ORDERED to advise their witnesses of these rulings. Should a witness be required to refer to excluded material in order to answer a question truthfully, the witness should indicate that a sidebar is needed and should not refer to the excluded material in the presence of the jury.

## <u>GOVERNMENT'S MOTIONS IN LIMINE</u>

### A.  **The Government's Motion in Limine No. 1 (Dkt. No. 30) is DENIED.**

The Government moves to exclude the following from trial: any argument, evidence, or testimony asserting that Lopez acted in self-defense during the August 8, 2025, incident at the Roybal Federal Building. Specifically, the Government seeks to preclude Lopez from presenting either of the two recognized self-defense theories in a Section 111 prosecution—(1) lack of knowledge that the victim was a federal officer and (2) self-defense based on alleged excessive force—on the grounds that Lopez cannot make a prima facie showing under either framework. The

motion argues that no evidence supports a reasonable belief that unlawful force was used against Lopez or that Lopez used only reasonable force in response, and therefore, the self-defense theory should be barred in its entirety from presentation at trial.

Upon consideration of the parties' moving briefs and the arguments made at the hearing (including Lopez's explanation of its defense theory regarding two separate potential assaults), the Court DENIES the Motion. Given the applicable burden, Lopez has satisfied the Court that he intends to proffer legally sufficient evidence of each element of the affirmative defense. Should Lopez fail to present this evidence at trial, the Government can renew this Motion at the final Jury Instruction Conference.

### B. The Government's Motion in Limine No. 2 (Dkt. No. 31) is DENIED IN PART.

The Government moves to exclude the following from trial: any reference, testimony, or argument that Lopez's conduct on August 8, 2025, was protected by the First Amendment, including claims that his actions constituted expressive, journalistic, or protest activity. The Government argues that Lopez is charged with assaulting a federal officer, not with expressive conduct, and that the First Amendment does not protect violent or obstructive acts. The motion seeks to bar all discussion or evidence suggesting First Amendment protections, asserting such arguments are irrelevant, misleading, and prejudicial under Federal Rules of Evidence 401, 402, and 403 and risk confusing the jury or inviting nullification.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion IN PART. Any references to *L.A. Press Club v. Noem*, No. 2:25-cv-05563-HDV-E, 2025 WL 2658327 (Sep. 10, 2025), or any orders or findings therein are irrelevant and therefore prohibited. Any limited probative value is far outweighed by prejudice in that it invites the jury to speculate as to Inspector Ranjo's intent or conduct on that day based upon a finding made by a Court based upon different officers on another occasion. The parties are **ORDERED** to meet and confer by Thursday, November 6, 2025, at 5pm regarding whether the Government intends to deny that Inspector Ranjo received the training that Lopez asserts was ordered in *L.A. Press Club*. Should there be no dispute that Inspector Ranjo received the training, the fact that it was court-ordered is irrelevant. If there is a dispute, Lopez can seek reconsideration of this Court's ruling.

Lopez's theory of defense is that, to the extent that he used force against Inspector Ranjo, it was in self-defense because Inspector Ranjo was using unlawful force against him for exercising his First Amendment rights. The parties are **ORDERED** to meet and confer further, by Thursday, November 6, 2025, at 5pm, regarding the jury instructions and the elements that need to be proven with respect to any claim that Inspector Ranjo's use of force was unlawful. As the Court indicated, to the extent that the jury is to be instructed that they must determine whether Inspector Ranjo's use of force was lawful, they must be given appropriate instructions on how to make that determination. The Court suggests that the parties consider the following when crafting appropriate instructions: the structure of CALCRIM Nos. 900 and 2670; Ninth Circuit Model Jury Instruction 8.1 (setting forth the elements of 18 U.S.C. § 111) and the Comment thereto (discussing possible options for an instruction on the "official duties" of an officer); and Ninth Circuit Model Jury Instruction 8.3 (setting forth the defense of self-defense with respect to 18 U.S.C. § 111) and the Comment thereto (which discusses the need to modify the instruction in a case where the defense is asserting excessive force).  The parties may seek reconsideration of this Court's ruling after having done so.

### C.  The Government's Motion in Limine No. 3 (Dkt. No. 32) is DENIED.

The Government moves to exclude the following from trial: any evidence, testimony, or argument relating to Lopez's arrest following the charged assault, including references to the officers' use of force during the takedown or Lopez's physical condition afterward. The Government argues that events occurring after the assault are irrelevant to whether Lopez committed the charged offense under Section 111(a)(1) and would serve only to confuse the jury, inflame the jury's passions, or invite jury nullification. The motion seeks to preclude post-assault evidence as inadmissible under Federal Rules of Evidence 401 and 403 for being irrelevant, prejudicial, and misleading to the jury.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Given Lopez's theory of defense, showing the amount of force used just after Lopez's alleged assault is relevant. Given the length of the video and the nature of the conduct depicted, the Court does not find that it is unduly inflammatory or will distract the jury from the issues at hand.

/ / /

7

**D.  The Government's Motion in Limine No. 4 (Dkt. No. 34) is GRANTED.**

The Government moves to exclude the following from trial: any evidence, testimony, or argument by Lopez that critiques United States immigration laws or policies, including any attempt to reference or discuss immigration policy as contextual justification for Lopez's conduct. The Government argues that such matters are irrelevant to the sole charge of assault on a federal officer under Section 111(a)(1) and would serve only to provoke jury nullification or emotional responses. The motion seeks to preclude any evidence or argument suggesting that Lopez's actions were justified by disagreement with immigration policy or that his arrest was unlawful on policy grounds, asserting that such references are inadmissible under Federal Rules of Evidence 401, 402, and 403 and risk confusing or misleading the jury.

Upon consideration of the parties' moving briefs, the Court GRANTS the Motion. The Court finds that any discussion of the various criticisms of immigration policy is irrelevant and any marginal relevance is far outweighed by the prejudice of distracting the jury from the issues at hand. Both parties no doubt will elicit evidence that the incident at issue occurred at a protest that was related to the issue of immigration, but nothing further is required or shall be permitted.

**E.  The Government's Motion in Limine No. 5 (Dkt. No. 35) is DENIED.**

The Government moves to exclude the following from trial: photographs recovered from Lopez's camera depicting protests unrelated to the charged assault, including prior demonstrations involving labor unions, Immigration and Customs Enforcement ("ICE"), and pro-Palestinian causes. The Government argues that these photographs are irrelevant to whether Lopez assaulted a federal officer on August 8, 2025, and that any attempt to introduce them—such as to portray Lopez as a journalist, social activist, or peaceful protester—would confuse the issues, mislead the jury, and improperly invite jury nullification. The motion seeks to exclude the images and any related references under Federal Rules of Evidence 401, 402, and 403 for lack of relevance and undue prejudice

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. Lopez will be permitted to introduce a limited number of photographs from the day in question with appropriate foundation in support of his articulated theory of defense. Photographs from other days and other

events are not relevant to defense's purported relevance—the reason for Lopez's presence at this

protest on this day.

## **LOPEZ'S MOTIONS IN LIMINE**

### **F. Lopez's Motion in Limine No. 1 (Dkt. No. 36) is DENIED.**

Lopez moves to compel the following from the government: production of personnel files

and criminal history records for all law enforcement witnesses, including Federal Protective Service

Inspectors Leo Ranjo, Gary Wilson, and William Terpstra; disclosure of all impeachment and *Brady*

material bearing on the witnesses' truthfulness, bias, motive to lie, or use of force; and a full review

of each witness's disciplinary, medical, and criminal background. Lopez further requests that the

Court conduct an in-camera review of the personnel files under *Henthorn*, *Brady*, and *Giglio*, and

order the U.S. Attorney's Office—not FPS—to certify under penalty of perjury that it has

independently completed a full *Brady* and *Henthorn* review. Lopez cites the government's recent

failure to disclose required evidence under *Brady* and *Henthorn* in *United States v. Ashleigh Brown*,

Case No. 2:25-CR-701-FMO, Dkt. No. 30 (C.D. Cal. Oct. 10, 2025) as justification for this relief.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion. There does

not appear to be any authority to support this Court ordering the relief requested in the absence of

any evidence that the Government has violated its obligations. At the hearing, the Government

confirmed that it has followed Department of Justice guidance on conducting its

Brady/Giglio/Henthorn review, and it particular, its request to the agency for a search of personnel

files has made clear that the following are to be disclosed and has continued to follow up with

agency counsel, who has not yet identified responsive material:

- Any evidence concerning allegations of excessive or unlawful force, even if unsustained
  or unresolved;

- Any evidence concerning allegations of attacks on the press, even if unsustained or
  unresolved; and

- Any evidence concerning perjurious conduct or other dishonesty, even if unsustained or
  unresolved.

The Government is **ORDERED** to ensure that the agency search includes this material.

In addition, the Government agreed to produce, and the Court **ORDERS** the Government to produce the following to defense counsel by Thursday, November 6, 2025, at 5pm:

- The search query or list provided to agency counsel;

- Any results received from agency counsel; and

- Criminal history checks on all relevant officers.

Counsel for Lopez did not seek anything additional at this time, and reserved the right to raise this issue with the Court after reviewing the additional material to be produced.

**G.  Lopez's Motion in Limine No. 2 (Dkt. No. 37) is DENIED IN PART.**

Lopez moves to exclude the following from trial: any inflammatory language by government witnesses or counsel, including references to the alleged incident as an "assault" or to Inspector Ranjo as a "victim"; and any prejudicial descriptions of the August 8, 2025, protest, such as "riot," "civil unrest," or "insurrection." Lopez also seeks to exclude evidence or testimony regarding the actions or statements of other protestors, including vandalism, graffiti, property destruction, or profane remarks, that are not attributable to Lopez. The motion argues such language and evidence are irrelevant, unfairly prejudicial, and constitute improper legal conclusions under Federal Rules of Evidence 401, 403, and 701.

Upon consideration of the parties' moving briefs, the Court DENIES the Motion IN PART. The Court will not constrain the Government from using descriptive, non-inflammatory terms to present its case. Therefore, the Court will not prohibit the Government from using "assault," "victim," "rioters," "disorder," "civil unrest," or similar terms. The Court will, however, prohibit the Government from using the inflammatory term "insurrection." The term does not appear to be a fair description of the evidence the Government intends to present given its connotation of the violent overthrow of lawful government; it is therefore highly prejudicial.

The Court will also prohibit the Government from describing the conduct of other individuals at other events, as this evidence is irrelevant to the conduct at hand. And conduct of others remote in place and time to the incident with Lopez cannot reasonably be found to be relevant to the question of Inspector Ranjo's conduct on that day.  By Thursday, November 6, 2025, at 5pm, the parties are **ORDERED** to meet and confer, and the Government **ORDERED** to present an offer of proof with

respect to what activity on the day in question it contends was relevant and why. The Court can rule accordingly.

**IV.    <u>Conclusion</u>**

For the foregoing reasons, the Court hereby ORDERS as follows:

1.    The Government's Motion in Limine No. 1, Dkt. No. 30, is DENIED;

2.    The Government's Motion in Limine No. 2, Dkt. No. 31, is DENIED IN PART;

3.    The Government's Motion in Limine No. 3, Dkt. No. 32, is DENIED;

4.    The Government's Motion in Limine No. 4, Dkt. No. 34, is GRANTED;

5.    The Government's Motion in Limine No. 5, Dkt. No. 35, is DENIED;

6.    Lopez's Motion in Limine No. 1, Dkt. No. 36, is DENIED;

7.    Lopez's Motion in Limine No. 2, Dkt. No. 37, is DENIED IN PART; and

8.    By 5pm November 6, 2025, the parties shall meet and confer regarding the matters identified above, and the Government shall produce the material identified above.


IT IS SO ORDERED.

Dated: November 6, 2025          _____

                                                MAAME EWUSI–MENSAH FRIMPONG

                                                United States District Judge