CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
KYRA NICKELL (Bar No. 328816)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ISAIAS LOPEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAIAS LOPEZ,<br><br>Defendant. | Case No. 2:25-cr-00705-MEMF<br><br>***EX PARTE* APPLICATION TO CONTINUE JURY TRIAL; DECLARATION OF COUNSEL**<br><br>**Current Date: December 2, 2025**<br>**Proposed Date: January 20, 2026**<br><br>**[Proposed Order Concurrently Filed]** |

Defendant Isaias Lopez through his counsel of record, Deputy Federal Public Defenders Rebecca M. Abel and Kyra Nickell, hereby applies *ex parte* for an Order to continue the jury trial scheduled in this case from December 2, 2025 to January 20, 2026. This is application is based on the attached declaration of counsel, all files and records in this case, and any further information as may be submitted to the Court.

///

///

///

1       Assistant United States Attorneys Rahul Hari and Eric Mackie, who represent the
2 government in this matter, do not oppose the nature of this *ex parte* application, but
3 oppose the request to continue the trial date to January 20, 2026. The government has
4 indicated that Assistant United States Attorney Eric Mackie is unavailable on January
5 20, 2026 due to a trial conflicts in *United States v. Terrazas*, (25-cr-00500-PA), which
6 is scheduled to begin on January 26, 2026 and in which the government does not expect
7 any further continuances, and *United States v. Alcazar-Alfaro*, (2:25-cr-00786-CV),
8 which is set for trial on January 20, 2026.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 2, 2025      By  */s/ Rebecca M. Abel*
                                                            REBECCA M. ABEL
                                                             KYRA NICKELL
                                                             Deputy Federal Public Defenders
                                                             Attorney for Isaias Lopez

**DECLARATION OF REBECCA M. ABEL**

I, Rebecca M. Abel, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California, and I am admitted to practice before this Court. I represent Isaias Lopez in the instant matter.

2. The parties filed a Joint Status Report Regarding the Trial Date on November 14, 2025. (Dkt. 88.) After considering the Joint Status Report, the Court scheduled the Trial in this matter to begin on December 2, 2025. (Dkt. 89.)

3. The defense requests a continuance based on the following facts, which the defendant believes demonstrate good cause to support the appropriate findings under the Speedy Trial Act.

4. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the defense agrees that the time period of December 2, 2025 to January 20, 2026, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv) because the failure to continue the trial would unreasonably deny the defendant continuity of counsel and pursuant to 18 U.S.C. §§ 3161(h)(3)(A)-(B) because potentially essential witnesses are unavailable.

5. The first date where both defense counsel are available for trial is January 20, 2026. The defense requests to continue the trial in this matter to January 20, 2026 at 8:30 a.m. and schedule a pretrial conference at the Court's convenience approximately 1 week before the trial date. This is the first *ex parte* request to continue the trial date. The soonest available date after January 20, 2026 at which both defense counsel are available for trial is March 9, 2026.

6. Defense counsel Kyra Nickell is unavailable to try this case on December 2, 2025 due to prescheduled, prepaid annual leave scheduled from November 26, 2025 through December 12, 2025.

7. In addition to the leave listed above, defense counsel have several trial

3

1  conflicts which makes a date earlier than January 20, 2026 impossible.  Trial conflicts
2  on or after February 2, 2026 also prevent the defense from being available prior to
3  March 9, 2026.
4     8.     Defense counsel Rebecca M. Abel has the following conflicts: (1) A trial
5  in *United States v. Marvin Jovany Henriquez*, Case No. 2:25-CR-00104-AH, a multiple
6  defendant drug case, which has been pending since February 14, 2025, has been
7  continued twice, and is set for a three-to-five day trial on January 27, 2026.  It is not yet
8  known whether a further continuance will be requested.; (2) A trial in *United States v.*
9  *Alexandria Augustine*, Case No. 2:25-CR-00678-KS, a single defendant charged with
10 failing to obey a lawful order, which has been pending since July 28, 2025, has been
11 continued once, and is set for a one-day court trial on January 27, 2026.  The defense
12 does not expect a further continuance of this trial date.; (3) A trial in *United States v.*
13 *David Platek*, Case No. 25-CR-3076-RK, a single defendant charged with transmitting
14 interstate threats, which has been pending since August 25, 2025, has been continued
15 twice, and is set for a four-to-five day trial in the Western District of Missouri on
16 February 9, 2026.  The defense does not expect a further continuance of this trial date,
17 and due to travel necessary to appear in this matter, defense counsel will not be
18 available in the Central District of California until February 18, 2026.; (4) A trial in
19 *United States v. Damon Ray Lopez*, Case No. 2:25-CR-00118-MRA, a single defendant
20 in possession of ammunition, which has been pending since April 9, 2025, has been
21 continued three times, and is set for a two-to-three day trial on February 23, 2026.  The
22 defense does not expect a further continuance of this trial date.; and (5) A trial in
23 *United States v. Eric Terry Story*, Case No. 2:24-CR-00039-JLS, a single defendant
24 drug case, which has been pending since January 18, 2024, has been continued eight
25 times, and is set for a three-to-five day trial on March 3, 2026.  The defense does not
26 expect a further continuance of this trial date.
27    9.     Defense counsel Kyra Nickell has the following conflicts: (1) A trial in
28 *United States v. Brenda Barraza-Beltran*, Case No. 2:25-cr-00429-DSF, a single

4

defendant charged with distribution of methamphetamine. The case has been pending since June 2025. Trial is set to begin on February 10, 2026. The case has been continued once. It is not yet known whether a further continuance will be requested.; (2) A trial in *United States v. Bayron Medina*, Case No. 2:24-cr-00649-WLH, a single defendant in possession with intent to distribute methamphetamine case, with additional charges of being a felon in possession of a firearm or ammunition and carrying a firearm in relation to a drug trafficking crime. The case has been pending since February 2025. Trial is set to begin on February 17, 2026. The government has provided a trial estimate of 2-3 days. The case has been continued twice.; (3) A trial in *United States v. Emanuel Moreno Diaz*, Case No. 2:25-cr-00783-PA, a single defendant charged with being an alien in possession of a firearm and ammunition. The case has been pending since September 2025. Trial is set to begin on February 24, 2026.  No further continuances will be granted by the Court.; (4) A trial in *United States v. Tyrone D. Barnes, Jr.*, Case No. 2:25-cr-00125-AH, a single defendant charged with fraud. The case has been pending since February 2025. Trial is set to begin on February 24, 2026. The government has provided a trial estimate of 2 days. The case has been continued twice. It is not yet known whether a further continuance will be requested.; (5) A trial in *United States v. Tavrion Dawson*, Case No. 2:24-CR-00648-MWF, a single defendant charged with being a felon in possession of a firearm and ammunition and with possession of a machinegun case. The government has provided a trial estimate of 1-2 days. Trial is set to begin on March 3, 2026. The case has been continued once.

10. Separately, defense counsel have concurred with potential witnesses who may be essential to the defense's case-in-chief, depending on the evidence presented by the government at trial.  Multiple potential witnesses are unavailable from December 15, 2025 through January 16, 2026, due to their being out-of-state for work or holiday travel during that time.

11. Mr. Lopez is aware of this application and consents to the requested continuance.

12. The requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation by counsel, or any failure on the part of the government to obtain available witnesses.

13. On multiple dates, including December 1, 2025, the defense conferred with Assistant United States Attorneys Rahul Hari and Eric Mackie, who indicated that they do not have an objection to the nature of an *ex parte* filing or to a continuance generally, but are opposed to a trial date of January 20, 2026 due to the availability of government counsel. The government indicated that Assistant United States Attorney Eric Mackie is unavailable on January 20, 2026 due to a trial conflicts in *United States v. Terrazas*, (25-cr-00500-PA), which is scheduled to begin on January 26, 2026 and in which the government does not expect any further continuances, and *United States v. Alcazar-Alfaro*, (2:25-cr-00786-CV), which is set for trial on January 20, 2026.

14. The defendant does not consent to a continuance of the trial date for any reason other than to ensure his trial counsel—who was prepared to and did begin his trial on November 12, 2025— are available to represent him at trial, and potential essential witnesses are available to testify at trial.

15. The defense objects to a continuance to accommodate government counsel's schedule, as (i) the defense was ready to and did proceed to trial within 92 days of his initial appearance; (ii) the government's misconduct—and specifically that of its complaining witness—is the sole reason that this continuance is necessary; and (iii) continuing a trial, over the defendant's objection, for the convenience of government counsel is strictly limited. *See United States v. Lloyd*, 125 F.3d 1263, 1271 (9th Cir. 1997) (finding a continuance of a defendant's trial date violated the Speedy Trial Act, where it was continued due to government counsel's "previously scheduled trials or vacations"); *id.* (requiring the court to consider the following factors in granting a continuance for continuity of government counsel: "(1) the size of the prosecutor's office, (2) whether there is another qualified prosecutor available, (3) how much special knowledge the first prosecutor has developed about the case, (4) how

difficult the case is, and (5) how different it is from other cases generally handled by the particular United States Attorney's office.").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on December 2, 2025 at Los Angeles, California.

*s/ Rebecca M. Abel*
Rebecca M. Abel

7